Daniel E. MILLER, Plaintiff-Appellant,

v.

GLEN & HELEN AIRCRAFT, INC., dba G & H Aircraft; Glen F. Nickerman, an individual, Howard C. Sauter Professional Investigations, Inc., an organization, Defendants,

and

Howard Sauter, Defendant-Appellee.

Nos. 84–2786, 85–1689.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 1985.

Decided Nov. 29, 1985.

Francis C. Pizzulli, Santa Monica, Cal., for plaintiff-appellant.

Scott E. Boehm, Ralph A. Mahowald, Jr., O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for defendant-appellee.

Before GOODWIN, ALARCON and POOLE, Circuit Judges.

POOLE, Circuit Judge:

Daniel Miller appeals the dismissal with prejudice of his section 1985(2) and civil RICO claims against Howard Sauter. The district court held that Miller lacked standing to bring a claim under 42 U.S.C. § 1985(2) (1982) and that his complaint failed to state a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c) (1982), because it did not allege a distinct "racketeering injury" and also failed to demonstrate a causal connection between Sauter's alleged racketeering activities and Miller's claimed injuries. We reverse.

I.

Miller's first amended complaint sought damages under 42 U.S.C. § 1985(2) (1982) from Sauter for conspiracy to intimidate potential witnesses from testifying freely, fully, and truthfully in an earlier federal lawsuit brought by Miller against Glen & Helen Aircraft ("G & H Aircraft") for personal injuries suffered in an airplane crash. Sauter, a private investigator, was hired by G & H Aircraft's attorney to assist in preparing a defense.

In another count, Miller sought treble damages and attorney fees under RICO, 18 U.S.C. § 1964(c) (1982), based on alleged predicate acts stemming from the earlier federal lawsuit of influencing a witness, Ariz.Rev.Stat.Ann. § 13–2802(A)(1) (1978), bribery of a witness, 18 U.S.C. § 201 (1982), wire fraud, 18 U.S.C. § 1343 (1982), and obstruction of justice, 18 U.S.C. § 1503 (1982). The complaint also included a pendent Arizona state racketeering claim. Ariz.Rev.Stat.Ann. § 13–2314 (1978).

Sauter filed a Motion to Dismiss and/or for Summary Judgment with respect to these claims. The district court chose to treat the motion as a motion to dismiss and granted it, dismissing the federal claims with prejudice and the pendent state claim without prejudice. Miller appeals.[1]

---

**1.** Along with his appeal of the district court's order dismissing the action, Miller requests an order directing the district court not to award defendant Sauter attorney fees for successfully having brought a motion to compel Miller's answers to certain deposition questions. We need not address this issue, however, since Miller's attorney withdrew the request during oral argu-

■ We review *de novo* the granting of a motion to dismiss for failure to state a claim upon which relief can be granted. *Dooley v. Reiss,* 736 F.2d 1392, 1394 (9th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 518, 83 L.Ed.2d 407 (1984).

## II.

The district court dismissed Miller's section 1985(2) claim [2] on the ground that the statute does not confer a cause of action on a party whose witnesses, and not the party himself, are allegedly intimidated. *See Burch v. Snider,* 461 F.Supp. 598 (D.Md. 1978).

■ We agree with the Second Circuit that "[t]he essential allegations of a [section] 1985(2) claim of witness intimidation are (1) a conspiracy between two or more persons, (2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results in injury to the plaintiff." *Chahal v. Paine Webber Inc.,* 725 F.2d 20, 23 (2d Cir.1984). In *Chahal,* the plaintiff brought a section 1985(2) claim for damages based on the defendants' intimidation of the plaintiff's prospective expert witness in a federal proceeding. The court expressly found that the plaintiff had stated a claim under the statute.

■ Here, Miller's allegations of witness intimidation, if proved, could be shown to have resulted in injury to Miller by hampering his ability to present an effective case against G & H Aircraft in the earlier federal lawsuit. Thus, Miller has standing to bring a civil action for violation of section 1985(2).

## III.

■ The district court dismissed Miller's RICO claim because it did not state any injury of the type RICO statutes were intended to prevent. *See Sedima, S.P.R.L. v. Imrex Co.,* 741 F.2d 482 (2d Cir.1984). This requirement of a distinct "racketeering injury," however, has recently been rejected by the Supreme Court in its review of the *Sedima* decision. *Sedima, S.P.R.L. v. Imrex Co.,* —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). To state a violation of section 1962(c), a plaintiff need only allege (1) conduct (2) of an enterprise (3) through a pattern, i.e., at least two acts that are sufficiently related, (4) of racketeering activity. *Id.* at 3285. Miller has sufficiently alleged each of these elements, and thus the district court erred in imposing an additional requirement that appellant allege a separate "racketeering injury."

■ In addition to dismissing for failure to allege a "racketeering injury," the district court also found the complaint deficient because it failed to demonstrate a causal connection between the alleged conduct of Sauter and Miller's alleged injuries. A plaintiff only has standing to bring a private civil RICO action if he has been injured in his business or property by the conduct constituting the violation. *Id.* at 3285. In reviewing the complaint, however, a court must construe the pleadings so as to do substantial justice, Fed.R.Civ.P. 8(f), and cannot dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

■ Liberally construing the complaint, we find Miller's allegations sufficient to withstand a motion to dismiss for failure to state a claim. Those allegations can be read as claiming that due to Sauter's conspiracy to interfere with Miller's witnesses,

---

ment before this court, recognizing that such review was premature because the district court has not yet ruled whether attorney fees are warranted.

**2.** Section 1985(2) prohibits, in part, conspiracies "to deter, by force, intimidation, or threat, any party or witness in any court of the United States * * * from testifying to any matter pending therein, freely, fully, and truthfully." 42 U.S.C. § 1985(2) (1982). Section 1985(3) then grants a civil cause of action to "the party so injured or deprived" for recovery of damages against any one or more of the conspirators. 42 U.S.C. § 1985(3) (1982).

a portion of the insurance proceeds available under G & H Aircraft's insurance policy went to pay Sauter's investigative fees thereby depleting the final settlement amount paid Miller. Viewed in this light, the complaint properly alleges compensable injury flowing from the commission of the predicate acts. *See Sedima,* 105 S.Ct. at 3286. Proof, of course, presents different considerations quite distinct from allegation.

### IV.

We reverse the dismissal of plaintiff's claims under section 1985(2) and civil RICO because each sufficiently states a claim upon which relief can be granted. Because dismissing the federal claims was error, we also reverse the dismissal of plaintiff's pendent state law claim. We express no opinion as to the merits of plaintiff's case, and the district court remains free to make appropriate rulings as the case may warrant. Plaintiff is awarded his costs on appeal. \

REVERSED.