Kevin **RUTLEDGE**, Plaintiff–Appellant,

v.

**ARIZONA BOARD OF REGENTS,**
Arizona State University, et al.,
Defendants,

and

Gary Horton, an individual; and Frank Kush, an individual,
Defendants–Appellees.

No. 87–2074.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 1988.
Decided Oct. 14, 1988.

Jeffrey M. Koontz and Michael R. Glover, Stockton & Hing, Scottsdale, Ariz., for plaintiff-appellant.

Ronald J. Greenhalgh, Asst. Atty. Gen., and Robert J. Gibson, Heidi L. McNeil and Nancy E. Bronson, Snell & Wilmer, Phoenix, Ariz., for defendants-appellees.

Before BROWNING, HUG and TROTT, Circuit Judges.

HUG, Circuit Judge:

## I.

Kevin Rutledge appeals the dismissal of his claim under 42 U.S.C. § 1985(2) for failure to show compensable injury. We must decide whether a conspiracy to intimidate witnesses to an action in federal court can cause injury cognizable under section 1985(2) when the action is dismissed before trial on purely legal grounds, unrelated to any evidence or testimony those witnesses might furnish at trial or in discovery proceedings. Concluding that no such injury may arise, we affirm.

## II.

This protracted litigation began in 1979. Kevin Rutledge is a former football player for Arizona State University ("ASU"). Rutledge alleges that Frank Kush, the former head football coach, assaulted him during a game between ASU and the University of Washington and that Kush and the

other defendants attempted a cover-up of the incident. Rutledge filed a complaint in federal court against ASU; the Arizona Board of Regents; Kush; Gary Horton and William Maskill, former assistant coaches; and Fred Miller, ASU's former athletic director. Rutledge sought relief under 42 U.S.C. § 1983 and a variety of state tort theories. Rutledge also alleged a conspiracy in violation of 42 U.S.C. § 1985(2) among Kush, Horton, and Miller to intimidate witnesses from truthfully testifying for Rutledge. One month after filing the federal complaint, Rutledge filed a substantially similar complaint in state court, with parallel allegations and theories of recovery. A detailed narration of the facts underlying Rutledge's claims appears in *Rutledge v. Arizona Board of Regents*, 660 F.2d 1345 (9th Cir.1981) (*"Rutledge I"*) and *Rutledge v. Arizona Board of Regents*, 147 Ariz. 534, 711 P.2d 1207 (Ct.App.1985) (*"Rutledge II"*).

In November, 1979, the district court dismissed the federal action on the grounds the Eleventh Amendment barred relief against agencies and officials of the state and the complaint failed to allege a violation of Rutledge's civil rights under either section 1983 or section 1985(2). Rutledge appealed the dismissal to this court. While that appeal was pending, the state trial court dismissed Rutledge's section 1985(2) claim from the state complaint. The state court reasoned the dismissal of a parallel claim by the federal district court was res judicata and, furthermore, that the complaint failed to state a cause of action under section 1985(2). Rutledge amended his state complaint, adding additional claims for relief based on state law. The state suit then proceeded to a jury trial, which ended adversely to Rutledge on all claims. Rutledge appealed the judgment, including the state court dismissal of his section 1985(2) claim, to the Arizona Court of Appeals.

While the state appeal was pending, we partially reversed the dismissal of Rutledge's federal complaint. We concluded the Eleventh Amendment did not bar a suit against the coaches and the athletic director in their individual capacities. *Rutledge I*, 660 F.2d at 1350. We held that section 1985(2), part one, which proscribes conspiracies to intimidate witnesses in federal court, does not require proof of invidious discrimination against a class. We, therefore, concluded that Rutledge had sufficiently alleged a claim under part one of section 1985(2). *Id.* at 1354–55.

Upon petition by defendants Kush, Horton, and Miller, the Supreme Court certified the limited question of whether section 1985(2), part one, requires proof of invidious, class-based discrimination. The Court affirmed our ruling that it does not. *Kush v. Rutledge*, 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983). We remanded to the district court, and the district court stayed the federal action until completion of all appeals in the state action. The Arizona Court of Appeals later affirmed the state court judgment. In September, 1985, the Arizona Supreme Court denied Rutledge's petition for review.

After completion of the state proceedings, the section 1985(2), part one, claim was the sole remaining claim in federal court. Defendants moved for and the district court granted summary judgment dismissing that claim on two separate grounds. First, under the doctrine of res judicata (frequently denoted claim preclusion) the state judgment barred the federal action. Second, Rutledge could show no compensable injury under section 1985(2), part one. Rutledge now appeals from the dismissal as to defendants Kush and Horton only. Because we conclude the district court's judgment was correct on the second ground, we do not reach the issue of res judicata.

### III.

On appeal, a grant of summary judgment receives *de novo* review under the same standards of Fed.R.Civ.P. 56(c) that guide the district court. *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1986). Accordingly, we must view the evidence most favorably to the non-moving party and determine whether the parties dispute a material issue of fact and whether appel-

lees are entitled to judgment as a matter of law. *David v. United States,* 820 F.2d 1038, 1039–40 (9th Cir.1987).

Rutledge asserts the conspiracy among defendants dissuaded witnesses to the assault and cover-up from truthfully testifying during discovery for the federal action and that the conspiracy also affected their testimony in the state action. Rutledge maintains the intimidation of potential federal witnesses and the resulting effect on state court proceedings, if proven, would comprise sufficient injury under § 1985(2), part one.

▇▇▇ A claim under section 1985(2), part one, is composed of three essential elements:[1] (1) a conspiracy between two or more persons, (2) to deter a witness by force, intimidation, or threat from attending federal court or testifying freely in a matter there pending, which (3) causes injury to the claimant. *David,* 820 F.2d at 1040; *Miller v. Glen & Helen Aircraft, Inc.,* 777 F.2d 496, 498 (9th Cir.1985); *Chahal v. Paine Webber Inc.,* 725 F.2d 20, 23 (2d Cir.1984). A claimant need not suffer monetary damages to have an injury cognizable under section 1985(2). *Malley–Duff & Assocs., Inc. v. Crown Life Ins. Co.,* 792 F.2d 341, 355–56 (3d Cir.), *aff'd,* — U.S. ——, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1986). Rather, a claimant must show that the conspiracy hampered the claimant's ability to present an effective case in federal court. *David,* 820 F.2d at 1040; *Miller,* 777 F.2d at 498 (allegation of conspiracy to intimidate witnesses in earlier federal law suit sufficient to sustain cause of action under section 1985(2)); *Chahal,* 725 F.2d at

24 (intimidation of party's expert witness could affect ability to present case, thereby causing injury under section 1985(2), part one).

In *David,* a witness who suffered intimidation in connection with her testimony in federal court sued under section 1985(2). 820 F.2d at 1040. The claimant witness, however, was not a party to the federal action in which she had testified. *Id.* Her ability to present an effective case was entirely unaffected even though the federal action may have been affected. Accordingly, this court concluded the claimant witness had not suffered an injury under section 1985(2), part one.

▇▇▇ Rutledge, like the witness in *David,* can show no compensable injury under section 1985(2), part one. Even if potential witnesses to his federal action were intimidated, such intimidation had no effect on his ability to present a case in federal court. The district court initially dismissed Rutledge's entire federal complaint on jurisdictional and statutory grounds. Although this court reversed and remanded the portion of the complaint dealing with claims against defendants Kush, Horton, and Miller, the district court stayed the federal action until the parallel state action was final and all avenues of state appellate review were exhausted. At that point, the state court judgment barred relitigation in federal court of Rutledge's claims regarding the assault and attempted cover-up.[2] As a result, all federal claims, except for the present claim under section 1985(2), part one, were dismissed without any evidentiary proceedings in federal

---

1. Section 1985(2), part one, prohibits conspiracy by two or more persons "to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully." 42 U.S.C. § 1985(2) (1982). Section 1985(3) grants a civil cause of action for damages to "the party so injured or deprived." 42 U.S.C. § 1985(3) (1982).

2. "Federal courts must afford full faith and credit to state judicial proceedings." *Piatt v. MacDougall,* 773 F.2d 1032, 1034 (9th Cir.1985) (en banc), *citing* 28 U.S.C. § 1738 (1982) (other citation omitted). Such full faith and credit

incorporates state rules of res judicata and claim preclusion and not the rules of the federal courts. *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Arizona law provides that "a judgment 'on the merits' in a prior suit involving the same parties ... bars a second suit based on the same cause of action." *Chaney Bldg. Co. v. City of Tucson,* 148 Ariz. 571, 573, 716 P.2d 28, 30 (1986). Rutledge sought recovery for the assault and cover-up in both the federal and the state complaints. The final judgment from state court, therefore, bars Rutledge from bringing in federal court claims based on the assault and cover-up.

court. Accordingly, the conspiracy could not have affected Rutledge's ability to present a case in federal court, and he can show no injury under section 1985(2), part one. That the conspiracy may have affected presentation of the case in state court is immaterial to a part one claim.[3]

Rutledge argues, with some vigor, that dismissal of his claim under section 1985(2), part one, is unfair. In short, he contends that by erroneously dismissing his entire federal complaint at the start of the litigation, the district court caused the state action to conclude before he could present evidence in federal court. He argues that without the necessity of an appeal to and a remand from this court, the federal action might have finished first, allowing Rutledge to show sufficient injury under section 1985(2), part one.

Rutledge chose to file parallel state and federal court actions simultaneously. There was concurrent jurisdiction and it was permissible for him to do so. However, in so doing, Rutledge had to assume the risk that rulings in one forum would foreclose a part of the action in the other forum. He also had to assume the risk that appeals in one forum would affect the finality of the rulings in that forum, and that this could lead to complications in the other forum. Furthermore, it is appropriate in some cases, and not uncommon, for one forum to stay proceedings pending the outcome in another forum. *See Ollie v. Riggin,* 848 F.2d 1016, 1017 (9th Cir.1988). This also is a possible development that must be anticipated with dual filings. Predictably, complications arose in this action because of the parallel filings in the two jurisdictions. The fact that this action under section 1985(2), part one, is foreclosed at this time is a consequence of the deliberate choice of Rutledge in filing the parallel actions. It is a risk he assumed.

### IV.

We conclude that Rutledge cannot show that the conspiracy affected his ability to present a case in federal court. The absence of such an effect precludes compensable injury under section 1985(2), part one. Accordingly, the grant of summary judgment is affirmed.

AFFIRMED.

---

3. Intimidation of witnesses involved in state court proceedings is covered under 42 U.S.C. § 1985(2), part two, which requires the claimant to show that invidious discrimination or class-based animus motivated the intimidation. *See*

*Bretz v. Kelman,* 773 F.2d 1026, 1029 (9th Cir. 1985). A claim under part two, however, is no longer before us. *See Rutledge I,* 660 F.2d at 1347, 1355.