879 F.2d 866
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Leonard M. ROSS, Plaintiff-Appellant,
v.
Lynn B. STITES; Stites Professional Law Corporation,
Defendants-Appellees.
 No. 87-6333.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1989.
Decided July 12, 1989.
 Before CANBY, WIGGINS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ross was named as a defendant in certain civil actions commencing in 1977 (collectively referred to as the "Willowridge actions") in the United States District Court for the Central District of California and in the Superior Court of the State of California for the County of Los Angeles, for which actions Ross retained Lynn Stites ("Stites") and the Stites Professional Law Corporation ("SPLC") as counsel.
 
 
 3
 Ross had a $5 million insurance policy issued by American Home Assurance Company ("American Home"), which allegedly covered him for exposure in the Willowridge actions. American Home agreed to provide a defense for Ross, reserving its right to deny that it owed Ross any duty to indemnify him for liability losses. American Home approved the use of Stites and SPLC as defense counsel in the actions. Ross, through Stites, allegedly sought to settle matters with American Home regarding its coverage of the Willowridge actions. Stites informed Ross that American Home was not interested in settlement. Later, after retaining separate counsel, Ross entered into a settlement for $1.25 million with American Home.
 
 
 4
 In this complaint for RICO violations, Ross alleges that his settlement with American Home was less than it would have been if Stites had not sabotaged the earlier "agreements." Ross also alleges that Stites and SPLC encouraged other litigation against him and other persons where insurance companies were available to pay attorney fees.
 
 
 5
 Ross timely appeals dismissal of his claim under Fed.R.Civ.P. 12(b)(6).
 
 DISCUSSION
 
 6
 * The insurance policy with American Home arguably covered legal fees incurred in defending Ross and indemnification for any monies paid to resolve claims against him up to a combined maximum of $5 million. Ross alleges that Stites and SPLC fraudulently increased their bills to American Home which increased his defense costs, thereby depleting the amount of money available to indemnify him.
 
 
 7
 Even if Stites or SPLC had fraudulently billed American Home, Ross's claim fails because he has not alleged any loss for which American Home would have indemnified him but for the fraudulent billing by Stites and SPLC. Since Ross was not entitled to any specific sum of money from American Home, but at most indemnification for payments he made which were insured under his policy with it, his failure to allege a specific payment for which he was not indemnified by American Home precludes a claim against Stites or SPLC. United States v. Ballard, 680 F.2d 352 (5th Cir.1982) (mail fraud); Day v. Avery, 548 F.2d 1018 (D.C.Cir.1976), cert. denied, 431 U.S. 908 (1977). In any event, when Ross agreed to settle with American Home, he received full indemnification for his losses.
 
 
 8
 Ross cites to Miller v. Glen & Helen Aircraft, Inc., 777 F.2d 496 (9th Cir.1985), which allowed a RICO claim in a case where the defendant's interference with witnesses decreased the plaintiff's insurance recovery. Id. at 498-99. This broad reading of RICO was severely narrowed by McNally v. United States, 483 U.S. 350, 107 S.Ct. 2875 (1987). There, the Court clearly held that RICO violations for mail or wire fraud can only be found upon a showing of a deprivation of a "property" right. Id. at 2881. Since Ross fails to allege an actual property right which has been harmed, and relies at most on mere expectancies, his claim was properly dismissed.
 
 II
 
 9
 Ross also alleges that Stites sabotaged "agreements" with American Home. Ross fails to cite to any specific agreements. At most, he notes several negotiating positions of American Home which were never formalized. Until American Home had agreed to settle, there was no "agreement" which could be "sabotaged." Until Ross had an agreement, he did not have a property right. Therefore, this claim also fails.
 
 III
 
 10
 Ross further alleges that Stites and SPLC used fraudulent tactics to prolong litigation in other cases. The allegations of the complaint regarding defendants' litigation tactics do not suffice to state a claim under RICO. See McMurtry v. Brasfield, 654 F.Supp. 1222, 1225 (E.D.Va.1987); Paul S. Mullin & Assocs., Inc. v. Bassett, 632 F.Supp. 532, 540 (D.Del.1986); Smith v. Grundy County Nat'l Bank, 635 F.Supp. 1071, 1076 n. 8 (N.D.Ill.1986).[1]
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Appellees' motion for sanctions pursuant to Fed.R.App.P. 38 is denied