959 F.2d 240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis M. LEE, Plaintiff-Appellant,
v.
VENTURA COUNTY SHERIFF'S DEPT., Defendant,
and
Rebecca Dean Riley; Will Hammer; Thomas Kitchens; Bruce
McDowell; Larry Weimer, Defendants-Appellees.
 No. 90-56368.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1992.*
Decided April 14, 1992.
 
 Before BRUNETTI, O'SCANNLAIN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On June 22, 1988, Lee was arrested and charged with violating sections of California Civil Code 1812.201 through 1812.221, the Seller's Assisted Marketing Plan Act (SAMP). He was also charged with several counts of common law fraud, all charges stemming from his marketing of a heat pump which was purported to generate electricity. On May 31, 1990, Lee pled guilty to eight of the charged felony counts in the Superior Court of Ventura County, California. At this same hearing, the Superior Court denied Lee's motion to dismiss the complaint based on his allegations of prosecutorial misconduct.
 
 
 3
 Lee filed a complaint in United States District Court on April 18, 1990, which alleged civil rights violations of 42 U.S.C. §§ 1983 and 1985(2). He named as defendants the deputy district attorney responsible for the case, Rebecca Riley; District Attorney Investigator, Tom Kitchens; law enforcement officers Bruce McDowell and Larry Weimer and Deputy Will Hammer. The Ventura County Sheriff's Department also was named as a defendant although it is not an appellee. Generally, Riley was alleged to have engaged in a variety of activities directly related to her function as a prosecutor. She was also alleged to have defamed Lee's business reputation through statements she made during a television news broadcast. Kitchens was alleged to have intimidated witnesses. The law enforcement officers were accused of perjury in pretrial statements, improper searches and seizures connected with Lee's business and submitting false warrant affidavits to the municipal judge. The district court dismissed Lee's complaint because he had failed to state a claim for which relief could be granted under FED.R.CIV.P. 12(b)(6). We affirm.
 
 
 4
 We agree with the district court that any allegations of misconduct prior to April 18, 1989, were barred by the one-year statute of limitations provided in California Civ.Pro. § 340(3). This dispenses with all of Lee's claims against Riley.
 
 
 5
 Likewise, claims against the officers were for conduct alleged to have taken place before April 18, 1989, and are thus also barred by the statute of limitations. Consequently, we need not reach the allegations behind the complaint with respect to these appellees as well.
 
 
 6
 The only defendant against whom relief is not completely barred by the statute of limitations is investigator Tom Kitchens. Lee's allegations against Kitchens are that the investigator intimidated witnesses immediately prior to the trial in the spring of 1990 when he discussed the case with them. Kitchens is absolutely immune. "Investigators, employed by a prosecutor and performing investigative work in connection with a criminal prosecution, are entitled to the same degree of immunity as prosecutors." Gobel v. Maricopa County, 867 F.2d 1201, 1203 n. 5 (9th Cir.1989). Conferring with potential witnesses is part of the prosecutor's preparation of the case. Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir.1984), cert. denied, 469 U.S. 1127 (1985).
 
 
 7
 Lee's argument that the district court should have stayed the state criminal proceedings until the federal civil rights case was resolved is also meritless. See Younger v. Harris, 401 U.S. 37 (1971) (federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit unless necessary to prevent irreparable harm that is both great and immediate). Lee has not demonstrated any of the extraordinary circumstances that might merit an injunction.
 
 
 8
 Finally, Lee's cause of action under 42 U.S.C. 1985(2) is without merit. Section 1985(2) provides a cause of action against a conspiracy to intimidate a witness from attending or testifying freely in a federal court. Rutledge v. Arizona Board of Regents, 859 F.2d 732, 735 (9th Cir.1988). Here, Lee has alleged the government intimidated witnesses in state court. Consequently, Lee has not pled a cause of action upon which relief can be granted. Section 1985(2) applies to a deprivation of civil rights in federal, not state court, proceedings.
 
 
 9
 The district court appropriately dismissed all of Lee's claims under FED.R.CIV.P. 12(b)(6) because he failed to state a claim upon which relief could be granted. All of Lee's allegations are meritless and/or time barred and are disposed of here whether specifically mentioned in this disposition or not.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3