34 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vladimir YOVEV, Plaintiff-Appellant,
v.
NORTHROP CORP; Gary R. Gibeaut; Robert Wasserwald,
Defendants-Appellees.
 No. 94-55275.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 9, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vladimir Yovev appeals pro se the district court's denial of his motion to proceed in forma pauperis ("IFP") in his action brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Secs. 1961-68, against the Northrop Corporation ("Northrop") and attorneys Gary R. Gibeaut and Robert Wasserwald. We have jurisdiction under 28 U.S.C. Sec. 1291,[1] and we affirm.
 
 
 3
 Yovev contends that the district court erred by refusing to grant his request to proceed IFP on the grounds that the action was frivolous and the court lacked jurisdiction. We review for abuse of discretion the district court's denial of leave to proceed IFP. O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990).
 
 
 4
 Under 28 U.S.C. Sec. 1915(a), "[a]ny court of the United States may authorize the commencement ... of any suit ..., civil or criminal, ... without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." A request to proceed IFP under section 1915(a), however, may be denied where it appears from the face of the complaint that the action is frivolous. 28 U.S.C. Sec. 1915(d); O'Loughlin, 920 F.2d at 616. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). When a litigant is pro se, the court must construe his complaint liberally and afford him the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 5
 In his complaint, Yovev alleges that he was employed by Northrop as an independent contractor, and in 1984, he brought a state-court action against Northrop alleging that he suffered personal injuries as a result of Northrop's negligence. Yovev further alleges that he was represented by Wasserwald in this state proceeding, and that Northrop was represented by Gibeaut. According to Yovev's complaint, after the state-action was dismissed for lack of prosecution, Yovev brought a malpractice action against Wasserwald and obtained a judgment against him for $10,000, which was never satisfied.
 
 
 6
 With respect to the present action, Yovev alleges that Northrop, Gibeaut, and Wasserwald conspired to destroy his earlier state-court case against Northrop by misleading the court into dismissing the case. Yovev also alleges that Wasserwald conspired with Gary Brown, Wasserwald's attorney in the malpractice action, to avoid payment of the judgment and to mislead Yovev into giving up his right to collect the judgment. Yovev alleges that the defendants' acts violated 18 U.S.C. Sec. 1962(c) and (d), and seeks damages for his injuries.
 
 
 7
 After reviewing Yovev's complaint, we are unable to conclude that his action has an arguable basis either in law or in fact. See Neitzke, 490 U.S. at 325. First, to have standing to bring a civil RICO action, a party must suffer an injury to his business or property by the conduct constituting a RICO violation. Miller v. Glen & Helen Aircraft, Inc., 777 F.2d 496, 498 (9th Cir.1985). Yovev did not allege nor can the facts be construed to allege the requisite injury. Personal injuries of the type Yovev alleges are not compensable under RICO. See Oscar v. University Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir.), cert. denied, 113 S.Ct. 655, 656 (1992); see also Berg v. First State Ins. Co., 915 F.2d 460, 464 (9th Cir.1990). Moreover, to the extent Yovev may be able to allege damages arising out of his inability to obtain a judgment against Northrop in the earlier state-court proceeding, those damages are purely speculative, and are not the tangible financial losses required for standing in a RICO action. See Oscar, 965 F.2d at 787.
 
 
 8
 Second, Yovev did not allege nor can the facts be construed to allege a violation of section 1962(c) or (d). A violation of section 1962(c) requires: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity. Miller, 777 F.2d at 498. Yovev did not allege conduct on the part of the defendants constituting a violation of a predicate criminal act as defined in 18 U.S.C. Sec. 1961(1). Moreover, Yovev did not allege nor can the facts be construed to allege a pattern of racketeering activity. Yovev has alleged isolated activity on the part of defendants, and because the state-court action has concluded, there is no threat of the activity continuing. See H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239 (1989) (establishing pattern of racketeering activity requires that predicate acts be related and that they pose a threat of continued criminal activity); Religious Technology Ctr. v. Wollersheim, 971 F.2d 364, 365-66 (9th Cir.1992) (per curiam) (because defendants' only goal was successful prosecution of state tort suit, there was no threat of activity continuing beyond the suit's conclusion). Finally, as Yovev's allegations cannot be construed to constitution a violation of section 1962(c), they further fail under section 1962(d), which makes it unlawful to conspire to violate section 1962(a), (b), or (c). See 18 U.S.C. Sec. 1962(d); Religious Technology Ctr., 971 F.2d at 367 n. 8.
 
 
 9
 Because the allegations in Yovev's complaint do not provide an arguable legal or factual basis for Yovev's action in federal court, the district court did not abuse its discretion by concluding the action was frivolous. See O'Loughlin, 920 F.2d at 616. Accordingly, the district court properly denied Yovev IFP status. See id.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The denial of a motion to proceed IFP is appealable under section 1291. See Roberts v. United States Dist. Court, 339 U.S. 844, 845 (1950) (per curiam); Tripati v. Rison, 847 F.2d 548, 548 (9th Cir.1988)