34 F.3d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert ALEXANDER, M.D., Plaintiff-Appellant,
v.
Sam PATTERSON, M.D., and State Volunteer Mutual Insurance
Company, Defendants-Appellees.
 No. 92-6424.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1994.
 
 Before: KENNEDY, SILER, and BATCHELDER, Circuit Judges.
 SILER, Circuit Judge.
 
 
 1
 Plaintiff Albert Alexander appeals from the summary judgment entered against him. Alexander claims that the district court erred in granting summary judgment on the merits of his 42 U.S.C. Sec. 1985 claim[1] and in doing so while his discovery motion was pending. We affirm, though on grounds other than those relied on by the district court.
 
 Background
 
 2
 Alexander and defendant Sam Patterson were physicians and colleagues at the University of Tennessee's Medical School. Defendant State Volunteer Mutual Insurance Company ("SVMIC") provided medical malpractice insurance to both doctors. Patterson served on SVMIC's claims review committee. As early as 1978, Alexander began testifying as an expert witness in malpractice cases. He was rumored both to have offered questionable testimony and to be a "hired gun" for plaintiffs suing physicians. Upon hearing these rumors, Patterson sought information from SVMIC concerning cases in which Alexander testified. Once Patterson decided that the rumors were true, he and others confronted Alexander and tried to dissuade him from testifying in future cases. Alexander claims that this conduct has made him fearful when he testifies, prevented him from gaining membership in a health provider organization, caused him to lose physician referrals, and prompted his colleagues to shun him.
 
 Analysis
 
 3
 Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In responding to a summary judgment motion, the non-moving party must set "forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). We review a district court's grant of summary judgment de novo. Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir.1993). Additionally, we may affirm the district court for reasons other than those relied on by the district court.[2] Jarrett v. Kassel, 972 F.2d 1415, 1429 (6th Cir.1992), cert. denied, 113 S.Ct. 1272 (1993).
 
 
 4
 Here, the propriety of summary judgment turns on the application of Sec. 1985(2), which proscribes conspiracies that are "designed to obstruct the course of justice in the federal judicial system." Bradt v. Smith, 634 F.2d 796, 800-01 (5th Cir. Unit A Jan. 1981), cert. denied, 454 U.S. 830 (1981). Specifically, Sec. 1985(2) prohibits conspiracies "to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such ... witness ... on account of his having so attended or testified." Parties raising claims under Sec. 1985(2) must prove a conspiracy between two or more persons, to deter the claimant by force, intimidation, or threat from attending court or testifying freely in a pending matter, which causes injury to the claimant. See Rutledge v. Arizona Bd. of Regents, 859 F.2d 732, 735 (9th Cir.1988). The district court did not err in granting summary judgment against Alexander because Alexander's proof, that Patterson served on SVMIC's claims review committee and requested information from SVMIC, without more, does not raise a genuine issue as to whether Patterson and SVMIC conspired against him.
 
 
 5
 Alexander also argues that the district court erred in granting summary judgment without ruling on his motion to compel, which was then pending. Alexander sought, through this motion, discovery of information concerning a case defended by a medical group to which Patterson belonged and information relating to other cases examined by Patterson as a member of SVMIC's claims review committee. However, this information is immaterial because Alexander has no cause of action under Sec. 1985. See Elvis Presley Enter., Inc. v. Elvisly Yours, Inc., 936 F.2d 889, 895 (6th Cir.1991) ("A failure of proof concerning an essential element ... renders all other facts immaterial"). Therefore, even if the district court erred in granting summary judgment without ruling on Alexander's motion, the error was harmless.
 
 
 6
 For the foregoing reasons, we AFFIRM the district court.
 
 
 
 [1]
 Alexander had other claims under 42 U.S.C. Sec. 1983, 15 U.S.C. Secs. 1-2, and state law, but these have been abandoned on appeal
 
 
 [2]
 The district court resolved the claim under 42 U.S.C. Sec. 1985 by finding that, although Alexander alleged that Patterson and SVMIC conspired to prevent him from testifying in medical malpractice cases, he did not prove that he was hindered from testifying "freely, fully, and truthfully" or that the alleged conspiracy involved a federal court proceeding. We leave to another day the question whether Sec. 1985 provides a cause of action for witnesses who are not parties, see David v. United States, 820 F.2d 1038, 1040 (9th Cir.1987), as we find there is no proof of a conspiracy