57 F.3d 1076
 1995-2 Trade Cases P 71,141, RICO Bus.Disp.Guide 8905
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DELTA LIFE AND ANNUITY COMPANY, Plaintiffs-Appellants,
v.
FREEMAN FINANCIAL SERVICES CORPORATION; James G. Freeman &
Associates, Inc.; the Manufacturers Life
Insurance Company, et al., Defendants-Appellees.
 No. 93-16999.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1995.
Decided June 15, 1995.
 
 Before: GIBSON,* HUG, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant, Delta Life and Annuity Company, filed an action in federal district court alleging appellees' violation of federal antitrust law and RICO. Delta also alleged violation of several state statutes. The district court dismissed all of Delta's claims pursuant to a motion under Federal Rule of Civil Procedure 12(b)(6). We conclude that because a state court in a parallel action has issued a final judgment, the doctrine of res judicata prevents us from examining the RICO and state law claims. We also affirm the district court's dismissal of the Sherman Act claim as barred by the McCarran-Ferguson Act.
 
 I. Res Judicata
 
 3
 Delta filed parallel actions in both state and federal court. In the California action, Delta alleged violation of the same RICO and state statutory provisions as it alleged in federal district court. The only difference between the two actions was that the federal complaint also alleged violation of the Sherman Antitrust Act, the subject of the next section of this memorandum disposition, and violation of California Insurance Code Sec. 790.03. Delta's action was dismissed in the state trial court pursuant to an order sustaining a demurrer to Delta's complaint. Delta promptly appealed the decision to the California Court of Appeals. On February 22, 1995, the California Court of Appeals dismissed Delta's appeal. The California Court of Appeals' dismissal became final on March 24, 1995.
 
 
 4
 Under 28 U.S.C. Sec. 1738, we must give the preclusive effect of a prior state court no wider scope than that which the state itself would give the judgment. Ross v. International Bhd. of Elec. Workers, 634 F.2d 453, 457 (9th Cir.1980). "[W]e accord the same res judicata effect to state court judgments that the jurisdiction of their rendition would give them." Eichman v. Fotomat Corp., 759 F.2d 1434, 1438 (9th Cir.1985). Therefore, we apply California's law of res judicata to determine whether Delta is precluded from bringing in federal court those claims already brought in state court.
 
 
 5
 Res judicata "foreclose[s] relitigation of a cause of action or issue that was determined in a prior case, involving the same party or one in privity to it, and which ended in a final judgment on the merits." Victa v. Merle Norman Cosmetics, Inc., 24 Cal.Rptr.2d 117, 120 (Ct.App.1993). Under California law, the State Court of Appeals' dismissal constituted an affirmance of the judgment in favor of Appellees on the merits below. See In re Jasmon O., 878 P.2d 1297, 1303 (Cal.1994) (holding that normally involuntary dismissal of appeal leaves trial court judgment in tact), cert. denied, --- U.S. ----, 115 S.Ct. 1826 (1995); In re Conservatorship of Oliver, 13 Cal.Rptr. 695, 698 (Ct.App.1961); Crowley v. Modern Faucet Mfg. Co., 44 Cal.2d 321, 323 (1955). "In California, final judgments, even if erroneous, are a bar to further proceedings based on the same cause of action." Eichman, 759 F.2d at 1438.
 
 
 6
 The technical requirements of the doctrine of res judicata being met, namely that there be a final decision on the merits and that the previous litigation involved the same claims and same parties, we conclude that Delta is barred from pursuing the same claims in this court. See Clemmer v. Hartford Ins. Co., 22 Cal.3d 865, 874 (1978); Victa v. Merle Norman Cosmetics, Inc., 19 Cal.App.4th 454, 460-64 (1993). Although Delta may pursue parallel actions, it runs the risk that the first action to proceed to judgment will give res judicata effect in the other. Rutledge v. Arizona Bd. of Regents, 859 F.2d 732, 735-36 (9th Cir.1988). As the Supreme Court has previously made clear, the doctrine of res judicata is of fundamental importance to our law and no equitable principles sanction the rejection of its application. Federated Dept. Stores v. Moitie, 452 U.S. 394, 401 (1981). Accordingly, we conclude that Delta's RICO claim and state statutory claims brought in state court are barred in this court by the preclusive effect of res judicata.
 
 
 7
 We also conclude that Delta's claim under California Insurance Code Sec. 790.03, which was brought in the federal action but not in the state, is barred by the doctrine of res judicata. California courts apply the primary right theory in determining the res judicata effects of California judgments. See Eichman, 759 F.2d at 1438. A California judgment bars all claims that were brought or that could have been brought to vindicate the same primary right, even if a claim was not actually asserted in the action that proceeded to final judgment. Slater v. Blackwood, 543 P.2d 593, 594-95 (Cal.1975). Because we conclude that Delta's claim under California Insurance Code Sec. 790.03 arose from the identical facts and "primary right" as the state court action, the doctrine of res judicata also operates to bar that claim.
 
 II. Delta's Federal Antitrust Claim
 
 8
 A dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim is a ruling on a question of law that we review de novo. Everest and Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994). Review is limited to the contents of the complaint. Buckey v. Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 599 (1992). If matters outside the pleadings are submitted, the motion to dismiss is treated as one for summary judgment. Del Monte Dunes at Monterey, Ltd. v. Monterey, 920 F.2d 1496, 1507 (9th Cir.1990). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Everest and Jennings, 23 F.3d at 229. A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id.
 
 
 9
 Section 2(b) of the McCarran-Ferguson Act grants antitrust immunity to acts constituting "the business of insurance" to the extent such activities are regulated by state law. 15 U.S.C. Sec. 1012(b); see also Hartford Fire Ins. Co. v. California, --- U.S. ----; 113 S.Ct. 2891; 125 L.Ed.2d 612 (1993). Section 3(b) of the Act creates an exception to this general immunity for acts amounting to a boycott. 15 U.S.C. Sec. 1013(b). In this case, the district court held that McCarran-Ferguson immunized the appellees' activities as the business of insurance and that the boycott exception did not apply.
 
 
 10
 A) The "Business of Insurance"
 
 
 11
 In Hartford Fire Ins. Co. v. California, the Supreme Court recently reiterated what constitutes the "business of insurance" within the meaning of section 2(b) of the McCarran-Ferguson Act. In determining whether an activity is "the business of insurance," we must focus on the activity in question rather than on the nature of the entity conducting the activity. Id. at 2900. Three criteria are relevant to this inquiry: "[f]irst, whether the practice has the effect of transferring or spreading a policyholder's risk; second, whether the practice is an integral part of the policy relationship between the insurer and the insured; and third, whether the practice is limited to entities within the insurance industry." Id. Delta argues that the appellees' activities do not meet any of the three prongs of this test.
 
 
 12
 Annuities, like life insurance policies, are formulated on the basis of actuarial tables. Life insurance protects against the economic risk of premature death while an annuity protects against the risk of outliving one's resources. We conclude that, in this case, the business of annuities entails the transfer of policyholder risk. California Insurance Code Secs. 101, 700(a) (West 1993). Accordingly, this prong of the "business of insurance" test is met.
 
 
 13
 Delta argues that the act of issuing TDA's is not integral to the business of insurance. Delta misunderstands the nature of this prong. The activity does not have to be integral to the business of insurance, but rather to the policy relationship between the insurer and insured. We agree with the appellees that the change in identity of the insurer is of fundamental importance to the policy relationship between insurer and insured.
 
 
 14
 Delta also argues that buying and selling annuities is not an activity limited to the insurance industry because entities outside the insurance industry engage in the annuity business. Because these other entities are not immune from antitrust laws, Delta argues, then neither should the appellees be immune simply because they are insurance companies.
 
 
 15
 The McCarran-Ferguson Act exempts from federal antitrust law the business of insurance to the extent that such business is regulated by the state. California Insurance Code Sec. 101 specifically includes the purchasing and disposing of annuities as part of the business of life insurance. (West 1993) ("Life insurance includes insurance upon the lives of persons or appertaining thereto, and the granting, purchasing, or disposing of annuities."). Section 700(a) of that same code states: "A person shall not transact any class of insurance business in this state without first being admitted for that class." Therefore, even if a business that is not strictly an "insurance company" were selling annuities, it would be transacting a class of insurance business as regulated by California law and would, by definition, be part of the insurance industry. Thus, the activity in issue, buying and selling annuities, is limited to the insurance industry and the third prong of the "business of insurance" test is met. We conclude that the activities at issue in the present case are regulated by the State of California as the business of insurance and, accordingly, the McCarran-Ferguson Act applies to bar Delta's claims.
 
 B) Boycott Exception
 
 16
 Section 3(b) of the McCarran-Ferguson Act, 15 U.S.C. Sec. 1013(b), states that nothing in it "shall render the ... Sherman Act inapplicable to any agreement to boycott, coerce, or intimidate, or act of boycott, coercion, or intimidation." Thus, this section creates an exception to the general rule that state regulated insurance activities are immune from federal regulation. Delta argues that the appellees' activities constituted a boycott. We disagree.
 
 
 17
 Again, the Supreme Court in Hartford offers the most recent guidance on identifying boycott activities for purposes of an exemption to the McCarran-Ferguson Act. See Hartford, 113 S.Ct. at 2911. In Hartford, the Court differentiated between boycotts and other related activities such as cartelization, and strikes. Id. at 2912. Although all of these activities involve coercive pressure against a target to achieve a specific result, the Court noted that boycotts, unlike the other activities, employ economic coercive pressure outside of the targeted transaction to achieve the desired result. Id. In other words, where a group of workers refuses to work until they get higher wages, they are engaged in a strike. But, where the workers also refuse to otherwise deal with the employer, e.g., by not buying the employer's products or by not dealing with anyone who buys the employer's products, then the activity becomes a boycott.
 
 
 18
 The acts alleged by Delta do not rise to the level of a boycott. The only coercive pressure alleged was applied to the TDA holders, not Delta. Delta alleged that the TDA holders were duped into believing the only available charge-free transfer of their accounts was through Freeman and Safeco Insurance Company. This alleged act, though not an admirable business practice, does not constitute a boycott. We agree with the district court's characterization of this activity as nothing more than the sale of one business's accounts to another, although involving alleged misrepresentation. We conclude that the boycott exception to McCarran-Ferguson does not apply. Accordingly, the acts of which Delta complain are immunized from federal regulation by the McCarran-Ferguson Act because they are regulated as the business of insurance by the State of California.
 
 III. Conclusion
 
 19
 Based upon the foregoing analysis, we conclude that Delta's state law and RICO claims are barred by the doctrine of res judicata. We also agree with the district court that the McCarran-Ferguson Act bars Delta's claims under the Sherman Act. Accordingly, the district court's order dismissing Delta's claims is affirmed.
 
 
 20
 AFFIRMED.
 
 
 
 *
 Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3