66 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry Lee BARKER, Plaintiff-Appellant,
v.
Marilyn CARR; Susanne Ward; Denise Randall, Defendants-Appellees.
 No. 94-35028.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Sept. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oregon state prisoner Terry Lee Barker appeals pro se the district court's order granting judgment on the pleadings for defendants in Barker's action under 42 U.S.C. Secs. 1983, 1985 and 1986. Barker alleged that defendants conspired to retaliate against him for bringing a civil rights lawsuit that sought to invalidate his conviction. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Barker contends that the district court erred by granting judgment on the pleadings for defendants on his claims of discrimination and interference with access to the courts. This contention lacks merit.
 
 
 4
 "A judgment on the pleadings is a decision on the merits and we review it de novo." General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir.1989), cert. denied, 493 U.S. 1079 (1990).
 
 
 5
 First, Barker has alleged no facts to indicate that any of the three defendants, his ex-girlfriend, the girlfriend's mother or the girlfriend's sister, acted under color of state law or that they conspired with state actors to violate Barker's federal rights. See Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 624 (9th Cir.1988). Therefore dismissal of Barker's section 1983 claims was proper. See id.
 
 
 6
 Second, in order to state a claim under section 1985(2), a plaintiff must show either (1) the existence of a conspiracy to use threat, force, or intimidation of a witness or party to obstruct justice in federal court, Dooley v. Reiss, 736 F.2d 1392, 1395-96 (9th Cir.), cert. denied, 469 U.S. 1038 (1984), or (2) racial or class-based invidious discrimination, Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987).
 
 
 7
 In order to state a claim under the first part of section 1985(2), the plaintiff must show that the defendants' action caused an injury to the plaintiff. Rutledge v. Arizona Bd. of Regents, 859 F.2d 732, 735 (9th Cir.1988). Here, Barker asserts only that defendants intimidated Barker's witness from testifying in a pending federal civil rights action that would have established Barker's innocence. We agree with the district court that this allegation without any supporting facts is insufficient to show that defendants' conduct hampered Barker's ability to prosecute his civil rights action. Moreover, to the extent that Barker's civil rights lawsuit seeks to invalidate his conviction, that suit would appear to be frivolous. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1995); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995) (per curiam). Accordingly, the district court properly dismissed Barker's claim for failing to meet the injury requirements of the first part of section 1985(2).
 
 
 8
 In his amended complaint, Barker alleged violations under the second part of section 1985(2) by stating that defendants conspired to intimidate him and his family because he is American Indian. Specifically, Barker stated that his ex-girlfriend, who is his daughter's mother, and the two other defendants are attempting to retain custody of his daughter so that they can continue to receive welfare benefits associated with his daughter's American Indian heritage. We agree with the district court that this claim fails to allege "invidious discrimination" on the part of defendants for purposes of section 1985(2). See Usher, 828 F.2d at 561. Accordingly, the district court did not err by dismissing Barker's section 1985(2) claim.
 
 
 9
 Finally, because the rights protected by section 1986 are dependent upon a showing of a violation of section 1985, the dismissal of the section 1986 claim also was proper. See Karim-Panahi, 839 F.2d at 626.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.Civ.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3