**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BOBBIE SCOTT, | No. 10-56553 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-07215-GHK-PLA |
| v. | |
| JOE REYES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

Bobbie Scott appeals pro se from the district court's judgment dismissing

her civil rights action alleging that she was retaliated against for testifying in state

court proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo a dismissal for failure to state a claim. *Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010). We affirm.

The district court properly dismissed Scott's conspiracy claim under 42 U.S.C.§ 1985 because she failed to allege facts sufficient to show that defendants conspired against her due to her race or class. *See Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985) (en banc) (requiring allegation of race- or class-based animus for conspiracy claim under relevant clauses of § 1985). Contrary to Scott's contention, the district court properly determined that the first clause of § 1985(2) is not applicable to Scott's claim because the claim arises from state court, not federal court, proceedings. *See Rutledge v. Ariz. Bd. of Regents*, 859 F.2d 732, 735 (9th Cir. 1988) (first clause of § 1985(2) requires allegations of a conspiracy to deter the plaintiff from testifying in federal court proceedings).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including those regarding Scott's 42 U.S.C. § 1983 procedural due process claim. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**

10-56553