**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL–CIO, LOCAL 1592, Petitioner,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent.**

No. 82–2418.

United States Court of Appeals, Tenth Circuit.

Sept. 7, 1984.

**74**

Mitchell J. Notis, Staff Counsel, Washington, D.C. (William J. Stone, Asst. Gen. Counsel and James R. Rosa, Gen. Counsel, Washington, D.C., with him on the brief), American Federation of Government Employees, AFL–CIO, Washington, D.C., for petitioner.

Robert J. Englehart, Atty., Washington, D.C. (Steven H. Svartz, Deputy Sol. and William E. Persina, Atty., Federal Labor Relations Authority, Washington, D.C., with him on the brief), for respondent.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

The issue raised by this petition for review is whether the Federal Labor Relations Authority ("Authority" or "FLRA") erred in ruling that, under 5 U.S.C. § 7131(a) (1982), a federal agency need not grant "official time," which means paid time, to a union representative involved in collective bargaining negotiations unless the representative is himself a member of the bargaining unit that is engaged in the collective bargaining. Jurisdiction here is based on 5 U.S.C. § 7123(a). The Authority's Decision and Order appears as Department of the Air Force, Air Force Logistics Command, Ogden Logistics Center, Hill AFB, Utah, 10 FLRA No. 46 (1982).

We are concerned here with two different bargaining units at Hill Air Force Base in Utah. One unit, which we will refer to as Unit A, consists of the employees of certain non-appropriated fund activities located at Hill Air Force Base. The American Federation of Government Employees, AFL–CIO, Local 1592, is the exclusive representative of Unit A.

A second bargaining unit at Hill Air Force Base, which will be referred to as Unit B, consists of appropriated fund employees of the Air Force Logistics Command. The National Office of the American Federation of Government Employees, AFL–CIO, is the representative of Unit B.

During the negotiation of a new collective bargaining agreement between Unit A and management, Local 1592 ("union"), the exclusive representative for Unit A, was represented by four employees at Hill Air Force Base. Two of these persons were from Unit A. The other two were from Unit B. Local 1592 asked management to authorize official time for all four, pursuant to section 7131(a). That section provides, in part, that "[a]ny employee representing an exclusive representative in the negotiation of a collective bargaining agreement under this chapter shall be authorized official time for such purposes ...." Management granted official time for the two employees from Unit A, but refused to grant official time for the two from Unit B. As a result, the Unit B negotiators were required to negotiate while in a status of leave without pay.

Based on management's refusal to grant official time to the two employees from Unit B, Local 1592 filed an unfair labor practice charge under 5 U.S.C. § 7116. Based on a stipulated record, the adminis-

trative law judge dismissed the union's complaint, holding that the Authority's decision in United States Air Force, 2750th Air Base Wing Headquarters, Air Force Logistics Command, Wright-Patterson AFB, Ohio, 7 FLRA No. 118 (1982) was controlling.* The Authority later adopted the administrative law judge's recommendation and dismissed the union's complaint. The union seeks review of that action.

The union's position is that section 7131(a) provides that "any employee" who represents an exclusive representative in the negotiation of a collective bargaining agreement is entitled to pay for time spent in negotiating, and that the term "any employee" means just that, i.e., *any* employee.

The Authority's position is that the term "any employee" must be read in conjunction with the underlying purposes of Title VII of the Civil Service Reform Act of 1978 ("Act"), Pub.L. No. 95–454, 92 Stat. 1111, 5 U.S.C. § 7101 *et seq.*, which governs labor relations between federal agencies and their employers, and that, when so read, the term "any employee" means any employee who is himself a member of the particular bargaining unit involved in the contract negotiation.

As indicated, in dismissing the union's complaint, the Authority relied on its earlier decision in *Wright-Patterson.* There is no doubt in our mind that the facts of the instant case bring it within the ambit of *Wright-Patterson.* In that case, as in this one, the Air Force refused to grant official time to two union representatives who were engaged in negotiating a collective bargaining agreement on behalf of a bargaining unit other than their own. There remains, however, the question of whether the *Wright-Patterson* decision is itself at odds with 5 U.S.C. § 7131(a). We think not.

The Authority's function in the public sector is similar to the National Labor Relations Board in the private sector,

and, accordingly, the Authority "is entitled to considerable deference when it exercises its 'special function of applying the general provisions of the Act to the complexities' of federal labor relations." *Bureau of Alcohol, Tobacco and Firearms v. Federal Labor Relations Authority,* —— U.S. ——, 104 S.Ct. 439, 444, 78 L.Ed.2d 195 (1983). While such judicial deference should not "be allowed to slip into judicial inertia," at the same time reviewing courts should uphold "reasonable and defensible constructions" of the Act. *Id. See also Department of the Air Force v. Federal Labor Relations Authority,* 717 F.2d 1314 (10th Cir.1983). In the instant case, we believe the Authority's interpretation of section 7131(a), which limits official time to persons who are themselves members of the involved bargaining unit, is both reasonable and defensible.

Section 7131(a) cannot be read in a vacuum. As the Fourth Circuit noted in *American Federation of Government Employees, AFL–CIO, Local 2096 v. Federal Labor Relations Authority* (1984), 738 F.2d 633 (4th Cir.1984), a case that presented the precise issue before us now, a literal reading of the statute "would seize upon the word 'any' in isolation from the overall context of the Act...." *Id.* at 636. In the Fourth Circuit case, an agency of the Navy turned down a union official's request for paid time to negotiate an agreement for union members outside of his unit. In concluding that management had not been guilty of an unfair labor practice in this regard, the court observed that the Act "emphasize[s] the rights of employees within a given bargaining unit." *Id.* at 635. We agree.

Section 7131(a), when read in conjunction with other provisions of the Act, adopts a unit approach to collective bargaining. For example, the Act defines collective bargaining as "the performance of the mutual obligation of the representative of an agen-

---

* In *Wright-Patterson,* the Authority held that "official time entitlement under section 7131(a) accrues only to an employee serving as a [bargaining] representative ..., who is a member of

the bargaining unit to which the right to negotiate the bargaining agreement applies." 7 FLRA at 741–42.

cy and the exclusive representative of *employees in an appropriate unit in an agency* to ... bargain ... with respect to the conditions of employment *affecting such employees* ...." 5 U.S.C. § 7103(a)(12). (emphasis ours). Furthermore, collective bargaining under the Act is designed to increase the ability of employees to amicably settle disputes "through labor organizations of their own choosing *in decisions which affect them* ...." 5 U.S.C. § 7101(a)(1) (emphasis ours). The selection of the exclusive representative is effectuated "by a majority of the *employees in an appropriate unit*...." 5 U.S.C. § 7111(a) (emphasis ours).

 The upshot of the above quoted passages is that employees are entitled to have a voice in *their own* working conditions at government expense, not the working conditions of every federal employee. If we follow the union's interpretation of section 7131(a), there is nothing to stop federal employees from becoming full-time negotiators for various unrelated bargaining units at their regular pay but without performing their regular jobs.

In *Bureau of Alcohol,* 104 S.Ct. at 446, the Supreme Court noted that as late as 1970 federal employees engaged in negotiations with their agencies were not granted official time, based on the assumption that these employees were working for their unions and not for the government. Section 7131(a) attained its present form in the Civil Service Reform Act of 1978, wherein Congress chose to grant official time to enable union negotiators "to carry out their statutory representational activities just as management uses official time to carry out its responsibilities." 124 Cong.Rec. 29,188 (1978) (remarks of Rep. Clay). However, the Act did not "confer on the FLRA an unconstrained authority to equalize the economic positions of union and management." *Bureau of Alcohol,* 104 S.Ct. at 449. Therefore, while union negotiators need not be barred from participating in collective bargaining on behalf of units other than their own, we do not be-

lieve that the Air Force must absorb the cost.

In sum, we hold that section 7131(a) precludes granting official time to non-unit negotiators. Therefore, we uphold the dismissal of the union's unfair labor practice complaint.

Order affirmed.

WILLIAM E. DOYLE, Circuit Judge, dissents.