Blanche A. DAVID, Plaintiff-Appellant,

v.

UNITED STATES of America, Captain R.I. Iverson, Curtis Parker, and Elaine Courtier, Defendants-Appellees.

No. 86–1520.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 1987.

Decided June 23, 1987.

John Murcko, Oakland, Cal., for plaintiff-appellant.

Lynn K. Richardson, San Francisco, Cal., for defendants-appellees.

Before ANDERSON, ALARCON and HALL, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Blanche David appeals entry of summary judgment and dismissal in an action against her employer and supervisors. We affirm.

## I. BACKGROUND

Blanche David (David) became employed as a procurement secretary with the Defense Logistics Agency (Agency), a federal civilian agency for the Defense Department in 1968. She continued working for the Agency and in 1981 also became a union shop stewardess for the American Federation of Government Employees, Local 2723. She held this position while working for the Agency, accruing approximately 20 hours per week as an Agency employee and approximately 15–20 hours per week as a union stewardess. In her capacity as a union stewardess, David filed grievances and performed other ministerial duties on behalf of herself and other union members.

These union duties were performed largely at her workplace.

In May 1983, David began to have medical problems. As a result, she was absent from work and requested annual and sick leave for her recuperation. The Agency questioned whether David's medical excuses were valid and whether her absence from work was authorized. Finally, David's supervisors, the individual defendants named in this action, classified her as absent without leave in December 1983. On May 18, 1984, David was terminated as an employee of the Agency.

After her termination, David filed a grievance with the Merit Systems Protection Board (Board) contesting her discharge. This grievance was resolved against her by the Board and the result was affirmed on appeal. In addition to the grievance filed with the Board, David brought the present suit in federal district court. This suit alleged five separate causes of action:

1. violation of 42 U.S.C. § 1985(2); [1]
2. violation of David's first amendment rights;
3. intentional infliction of mental harm;
4. back pay;
5. damages under the Federal Tort Claims Act.

The district court granted the government's motion for summary judgment on the first four causes of action and dismissed the fifth without prejudice. David appeals the grant of summary judgment on the first three causes of action [2] and dismissal of the fifth.

## II. STANDARDS OF REVIEW

**1. Summary Judgment**

A grant of a motion for summary judgment will be upheld when, viewing the evidence in the light most favorable to the

---

**1.** In David's complaint, her first cause of action alleges a deprivation of "42 U.S.C. 1983(2)." Since 42 U.S.C. § 1983 has no subparagraph (2), we believe this was a typographical error and we construe the action as one under 42 U.S.C. § 1985(2). Also, David's memorandum in opposition to the government's motion for summary judgment argues her action under section 1985(2) and counsel at oral argument before this court presented the argument as being a section 1985(2) claim.

**2.** There has been no appeal of David's fourth cause of action which was for back pay.

losing party, we determine *de novo* that no genuine issue of material fact exists and the movant was entitled to judgment as a matter of law. *Lojek v. Thomas,* 716 F.2d 675, 677 (9th Cir.1983). If there are disputed issues of material fact, summary judgment cannot be granted. *Allen v. A.H. Robbins Co.,* 752 F.2d 1365, 1368 (9th Cir.1985). As a result, we review David's first three causes of action under the *de novo* standard.

### 2. Dismissal

A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Gibson v. United States,* 781 F.2d 1334, 1337 (9th Cir.1986) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). Dismissal of a claim raises a question of law, which is reviewable *de novo. Heller v. Bushey,* 759 F.2d 1371, 1373 (9th Cir.1985).

■ The dismissal of David's fifth cause of action for a claim under the Federal Tort Claims Act was made without the reason for dismissal being given. We therefore characterize the dismissal as one for failure to state a claim under Fed.R.Civ.P. 12(b)(6), treat the facts alleged in the complaint as true, and review the dismissal *de novo.*

## III.  ANALYSIS

### 1.  Violation of 42 U.S.C. § 1985(2)

■ David's first cause of action alleged a violation of 42 U.S.C. § 1985(2). She alleged that after she testified at a hearing involving another federal employee in January 1983, her supervisors, the named defendants, began "harassing" and "threatening" her because of her testimony. She also alleged her supervisors conspired to prevent her from testifying on a separate occasion and that ultimately she was termi-

nated from her position for acting as a witness in the separate federal court employment case of *Parodi v. Merit Systems Protection Board,* 690 F.2d 731 (9th Cir. 1982), which involved federal employee disablement due to work environment limitations.

In order to establish a claim under the first part of § 1985(2),[3] the plaintiff must show (1) a conspiracy between two or more persons, (2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results in injury to the plaintiff. *Miller v. Glen & Helen Aircraft, Inc.,* 777 F.2d 496, 498 (9th Cir.1985) (quoting and citing with approval *Chahal v. Paine Webber, Inc.,* 725 F.2d 20, 23 (2d Cir.1984)).

■ David has not alleged how *she* has been injured by her testimony in *Parodi* or her failure to appear in court. Allegations of witness intimidation under § 1985(2) will not suffice for a cause of action unless it can be shown the *litigant* was hampered in being able to present an effective case. *Id.* Since David has not shown she was a party to the actions in which she was intimidated, she can show no injury under § 1985(2).

The district court did not err in granting summary judgment on David's first cause of action.

### 2.  Violation of David's First Amendment Rights

David's second cause of action alleges she was deprived of her first amendment right to free speech. She alleges her supervisors intimidated her and threatened to, and finally did, terminate her position because she discussed the safety, working, and air conditions at the Agency. These acts of intimidation supposedly occurred from January 1981 through May 1983. The district court granted the government's motion for summary judgment on

---

3.  The first part of section 1985(2) prohibits, in part, conspiracies "to deter, by force, intimidation, or threat, any party or witness in any court of the United States ... from testifying to any matter pending therein, freely, fully, and truthfully." 42 U.S.C. § 1985(2). Section 1985(3) then grants a civil cause of action to the

injured party against one or more of the conspirators. 42 U.S.C. § 1985(3).

David does not allege a claim under the second part of § 1985(2) which requires race or class-based animuus. *Kush v. Rutledge,* 460 U.S. 719, 725, 103 S.Ct. 1483, 1487, 75 L.Ed.2d 413 (1983).

this issue (on behalf of all the defendants), finding the exclusive remedy lay with the Civil Service Reform Act of 1978 (CSRA). We agree with the district court.

In *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), the Supreme Court held that a constitutional (nonstatutory) remedy for violation of a federal employee's first amendment rights by his supervisors would not be provided where the claim arose out of the employment relationship and was governed by sufficient "meaningful remedies" under the statutory framework provided by Congress. *Id.* at 386, 103 S.Ct. at 2415. We read *Bush* as controlling David's first amendment cause of action. If David was terminated as a result of her discussions about the health conditions at the Agency, she was not terminated "for such cause as will promote the efficiency of the [civil] service." 5 U.S.C. § 7513(a). Therefore, both David's claim and her remedy fall within the scope of the CSRA and its extensive procedures for review of adverse actions. *See* 5 U.S.C. § 7501; *Lucas v. Bush*, 462 U.S. at 386 n. 30, 103 S.Ct. at 2415 n. 30.

David argues *Bush*, and hence the CSRA, does not control her action. She distinguishes *Bush* because there the constitutional violations occurred while the employee was acting in the capacity of an employee. David alleges she was terminated because of statements she made in discussing the conditions at the Agency while acting as a union stewardess. She suggests a question of fact exists on whether her first amendment rights were violated while she was acting as an employee or while acting as a union representative. If the violations occurred while acting for the union, David argues *Bush* and the CSRA procedures do not control her cause of action. She cites *Kotarski v. Cooper*, 799 F.2d 1342 (9th Cir.1986), to support this position.

In *Kotarski*, we reviewed a claim for improper demotion of a civilian employee of the Navy for statements made by the employee which were protected by the First Amendment. We held that a *Bivens* action for violation of the constitutional rights alleged was permissible. *Kotarski*, 799 F.2d at 1350. We found the claim in *Kotarski* distinguishable from that in *Bush v. Lucas* because *Bush* involved an employee with sufficient statutory remedies. The *Kotarski* claimant, on the other hand, was on probationary status to which the availability of the remedies granted by the CSRA were denied. *Id.* at 1348–49. Since a probationary employee has no statutory right to appeal to the Merit Systems Protection Board, no right to a forum and no right to enforce relief, we found such an employee should not be denied the nonstatutory remedies precluded in *Bush*. *See Kotarski*, 799 F.2d at 1349; 5 U.S.C. § 7501(1) (defining "employee" as one *not* serving a probationary period). *Cf. Bush*, 462 U.S. at 390, 103 S.Ct. at 2418 ("a different case would be presented if Congress had not created a comprehensive scheme that was specifically designed to provide full compensation to civil service employees who are discharged or disciplined in violation of their First Amendment rights; … and that affords a remedy that is substantially as effective as a damages action.") (citations omitted) (Marshall, J., concurring).

*Kotarski* is therefore distinguishable from David's claim. The *Kotarski* claimant had insufficient CSRA remedies because the remedies provided were not allowed for probationary employees. David, on the other hand, is entitled to the full panalopy of procedures and remedies available under the CSRA. That she held a "dual status" as an employee and a union stewardess is not controlling since David was considered to be on "official time" under 5 U.S.C. § 7131.

**a. Legislative History of § 7131**

President Kennedy promulgated Executive Order 10988 in 1962. Executive Order 10988 granted "official time" to employees who were union representatives, but the granting of "official time" was within the agency's discretion. Later, when Executive Order 11491 became effective in 1970, it superseded Executive Order 10988 and denied official time to union representative employees conducting union business.

This denial of official time was short-lived. In 1971, Executive Order 11616 granted employees representing a union in negotiation official time in a modified form, i.e., allowing a reasonable amount of official time. Finally, in 1978 Congress passed the Civil Service Reform Act, codified at 5 U.S.C. § 1101 *et seq. See generally Bureau of Alcohol, Tobacco and Firearms v. FLRA,* 464 U.S. 89, 100–102, 104 S.Ct. 439, 445–446, 78 L.Ed.2d 195 (1983) (recounting the legislative history of federal labor relations). The CSRA included a provision authorizing "official time" for employee union representatives who were negotiating a labor agreement.

### b. Construction of § 7131

Specifically, the statute designating "official time," 5 U.S.C. § 7131, provides:

(a) Any employee representing an exclusive representative in the negotiation of a collective bargaining agreement under this chapter shall be authorized official time for such purposes, including attendance at impasse proceeding, during the time the employee otherwise would be in a duty status. The number of employees for whom official time is authorized under this subsection shall not exceed the number of individuals designated as representing the agency for such purposes.

(b) Any activities performed by any employee relating to the internal business of a labor organization (including the solicitation of membership, elections of labor organization officials, and collection of dues) shall be performed during the time the employee is in a nonduty status.

(c) Except as provided in subsection (a) of this section, the Authority shall determine whether any employee participating for, or on behalf of, a labor organization in any phase of proceedings before the Authority shall be authorized official time for such purpose during the time the employee otherwise would be in a duty status.

(d) Except as provided in the preceding subsections of this section—

(1) any employee representing an exclusive representative, or

(2) in connection with any other matter covered by this chapter, any employee in an appropriate unit represented by an exclusive representative,

shall be granted official time in any amount the agency and the exclusive representative involved agree to be reasonable, necessary, and in the public interest.

A reading of subsections (a) and (b) indicates that negotiational activities would be on "official time" or on a period in which the representative employee would be on duty status i.e., paid time. *See National Federation of Federal Employees, Local 1451 v. FLRA,* 652 F.2d 191, 194 (D.C.Cir. 1981) (official time is paid time). *Cf. Bureau of Alcohol, Tobacco and Firearms v. FLRA,* 464 U.S. 89, 99, 104 S.Ct. 439, 445, 78 L.Ed.2d 195 (1983) (indicating "official time" means "paid time"). We construe subsection (b) narrowly. Under subsection (b), official time would not be allowed where the employee is performing internal union business. This construction is justified in light of subsection (d) which expands the types of activities for which official time may be granted. Reading section 7131 as a whole, it is most logical that "official time" includes more than actual negotiating time, but also includes grievance processing and investigation time. *See American Federation of Government Employees, Local 2096 v. FLRA,* 738 F.2d 633, 637 (4th Cir.1984) (indicating official time should be expansively read to include time spent on grievance processing and negotiations). *See also* 5 C.F.R. § 2429.13 (official time can include investigation and travel time). This reading is also supported by the language used in subsection (b) itself which limits non-duty status to performance of *internal* union business.

■ This brings us to David's contention. She alleged deprivation of her first amendment rights occurred while "she was acting in her role as a union official" and while she was on "official leave" from her position with the Agency. Appellant's Brief at 16 (citing declaration made for district court record).

In light of the legislative history and our construction of section 7131, it is clear the *role* in which David was acting does not control her claim. Rather, the question is whether or not she was on official time when the alleged constitutional violations occurred. David's complaint alleges the violations occurred while she was processing "grievances." The complaint makes no suggestion that she was ever involved in the *internal* union activities which would remove her from official time under section 7131(b).[4] Also, the "official leave" for David's union activity falls within the grant of official time in section 7131(a). *See Fitzgerald v. Dept. of Transportation, F.A.A.,* 798 F.2d 461, 466 (Fed.Cir.1986).

Since David was on official time while acting as a union stewardess, she is considered an employee for CSRA purposes. This entitles her to the statutory remedies under the CSRA which the Supreme Court found to be sufficient in *Bush.* She was not a probationary employee, which would disallow her from seeking CSRA remedies and entitle her to a constitutional cause of action under *Kotarski.* Even if we were to assume David was acting as a shop steward when she was allegedly denied her First Amendment rights, she would still be an employee on official time entitling her to seek only those remedies set forth in the CSRA. She availed herself of those remedies and her petition with the Merit Systems Protection Board proved to be unfruitful. Appellee's Brief at 2. We will not review that result here. Her dual status as employee and union representative does nothing to separate her from the preclusive effects of *Bush.*

### 3. Intentional Infliction of Mental Harm

■ David's third cause of action was for the emotional distress allegedly caused as a result of her superiors "harassing" her and terminating her because of her status as a union stewardess and her appearance as a witness in federal court in a separate employment-related case. This claim is a common-law cause of action which is preempted by the CSRA and has no alternative remedy. Any such cause of action must be pursued under the administrative remedies provided by the CSRA. *Lehman v. Morrissey,* 779 F.2d 526, 528 (9th Cir.1985) (per curiam).

David attempted administrative review under the CSRA, but to no avail. We will not review that judgment. *Id.* at 527. The district court did not err in granting summary judgment on David's third cause of action.

### 4. Damages under the Federal Tort Claims Act

■ The district court dismissed David's fifth cause of action without prejudice. She alleged her supervisors required her to sit in the path of "polluted and contaminated air" in the air conditioning system at the Agency. She also alleged these work environmental conditions violated the Clean Air Act and caused serious health problems for her.

The exclusivity provision of the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8116(c), requires that federal employee injuries allegedly sustained during work-related activities must be compensated according to the program administered under the FECA by the Secretary of Labor. *See* 5 U.S.C. § 8101, *et seq.* This requires

---

**4.** There is no contention that David's stewardess activities were for a bargaining unit of which she was not a member. If this were the case, she then would *not* be considered to be on official time. *See Fitzgerald v. Dept. of Transportation, F.A.A.,* 798 F.2d 461, 466 (Fed.Cir. 1986) (employees engaged in proper representational activities fall within section 7131 grant of official time and are entitled to official leave); *American Federation of Government Employees, Local 1592 v. FLRA,* 744 F.2d 73, 76 (10th Cir. 1984) (an employee does not have official time, i.e., paid time, for representing a collective bargaining unit of which that employee was not a member); *cf. Bigelow v. Dept. of Health and Human Services,* 750 F.2d 962, 965 (Fed.Cir. 1984) (employees not designated as local union representatives are not sufficiently authorized to be considered within the official time designation); *American Federation of Government Employees v. FLRA,* 750 F.2d 143, 144–46 (D.C. Cir.1984) (finding section 7131(a) availability of "official" or paid time for employee union representatives negotiating local or supplemental labor agreements).

David to file an administrative claim before commencing a tort action in federal court. 28 U.S.C. § 2675(a); *Reep v. United States,* 557 F.2d 204, 206 (9th Cir.1977). David did not exhaust her FECA administrative remedies before commencing this action. Accordingly, the district court properly dismissed her claim giving her the opportunity to pursue a federal tort claim after she has fulfilled the FECA requirements.

David argues, however, that she is not subject to the FECA requirements because her injuries were sustained while she was acting in her capacity as a shop steward. This involves a determination as to whether David's injury was sustained "while in the performance of [her] duty." 5 U.S.C. § 8102(a). If there is a "substantial question" on whether an injury is covered by the FECA, an injured federal employee must not commence a federal court tort action until the officials reviewing the administrative claim determine the scope of FECA coverage. *Reep,* 557 F.2d at 208. Since there is a substantial question on the coverage of the FECA on the facts David alleges, and she did not file an administrative claim, the district court did not err in dismissing her fifth cause of action.

### IV.  SANCTIONS

Finally, we would like to briefly address the content of the briefs presented by both parties to this appeal. The Statement of Facts on both sides is something less than desirable, to say the least. Whether intentional or careless on the part of the authors, the briefs contain allegation after allegation of facts that are unsupported by the references to the record. In many instances, there are no references to the record.

Fed.R.App.P. 28(a)(3) and (b) mandate that the briefs contain a statement of the facts relevant to the issues presented for review, with appropriate references to the record. This Rule was not followed here. Not only is it a violation of the Rule, but the briefs before us contain vindictive falsehoods which are unbecoming to the quality of lawyering we would expect before this court.

In some cases we have found it proper to sanction this type of conduct. *See Mitchel v. General Electric Co.,* 689 F.2d 877, 879 (9th Cir.1982). *See also* Fed.R.Civ.P. 11; 28 U.S.C. § 1927; Ninth Circuit Rule 13(b). Given the apologetic attitudes of counsel during oral argument, we elect not to sanction for the failure to comply with Rule 28(a)(3) and (b). However, we want to make it abundantly clear that we do not condone the writing submitted in these briefs. If attorneys insist upon approaching this court through the woods of obfuscation, they should beware of the sanction wolf.

### V.  CONCLUSION

We affirm the summary judgment granted on the first, second and third causes of action. We affirm dismissal without prejudice of the fifth cause of action. While we do not condone the contents of the attorneys' briefs, we elect not to sanction.

AFFIRMED.