76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patsy RYLANCE, Plaintiff-Appellant
v.
Wendell ELLIS, Sue Ellis, Elaine Peterson, Defendants-Appellees.
 No. 94-15834.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 20, 1995.
Decided Jan. 23, 1996.
 
 Before: FERGUSON and HAWKINS, Circuit Judges, and NIELSEN, District Judge.*
 MEMORANDUM**
 Patsy Rylance appeals pro se the district court's judgment in favor of Appellees in Rylance's action alleging that Appellees deprived her of water rights, in violation of 42 U.S.C. §§ 1983 and 1985 and the 1866 Mining Act, 30 U.S.C. § 51. This court has jurisdiction pursuant to 28 U.S.C. § 1291.
 In 1980, Appellant, Patsy Rylance, and several others filed a mining claim, known as the "Eureka Mine #1," in Placer County, California ("the Eureka Claim"). The Eureka Claim covers 86.08 acres of federal government land. The claim location encompasses lots 35, 17, 9 and 31 in section 27 of Township 15 North, Range 10 East, Mount Diablo Base and Meridian.
 Appellee Elaine Peterson purchased real property (lot 67), in 1987, adjacent to Rylance's mining claim in section 27. Appellees Wendell and Sue Ellis also own real property (lot 92) located in section 27, approximately one-half mile west of Rylance's mining claim.
 Indian Creek, a natural stream, runs from the northeastern corner of section 27 to the southwestern corner of section 27, crossing lots 17, 9 and 35 of Rylance's mining claim. In the northeastern corner of section 27, a 2-foot wide, man-made ditch ("the ditch") diverts from Indian Creek in a westerly direction, crossing lot 9 (Rylance claim) and lot 67 (Peterson property) and ending on lot 92 (Ellis property).
 The ditch was constructed in 1867. The ditch has provided water seasonally to Rylance's mining claim and Appellees' properties. The ditch is open; therefore, it is sometimes filled with debris, which slows or stops the water flow. As a result, the ditch must be maintained by those who rely upon the water.
 In 1991, Appellees Wendell and Sue Ellis placed a 4-inch PVC pipeline in the ditch, beginning at the intersection of the ditch and Indian Creek and ending at a point on their property. At the same time, Appellee Elaine Peterson also placed a 2-inch PVC pipeline in the ditch, beginning at the intersection of the ditch and Indian Creek and ending at a point on her property.
 The two pipelines occupy a total of 6-inches in this 24-inch diameter ditch.
 In 1992, Rylance filed a formal complaint with the California Department of Water Resources ("Water Board"), complaining about the pipelines. The Water Board determined that Appellees had pre-1914 appropriative water rights to the ditch, and that Rylance had riparian rights to Indian Creek. However, the Board determined that it lacked authority to decide whether Rylance also had rights to the ditch.
 Rylance requested a hearing to contest the Water Board's determination. That request was denied.
 In November, 1992, Rylance filed an action in the Eastern District of California, alleging violations of her civil rights under 42 U.S.C. §§ 1983, 1985, and of federal mining laws. The court, in an opinion by Judge Shubb, denied each of these claims.
 Rylance's motion for reconsideration was also denied.
 I.
 Appellees argue that Rylance's notice of appeal was untimely. We disagree.
 Rule 4(a)(1) of the Federal Rules of Appellate Procedure requires that:
 In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of the entry of the judgment or order appealed from;
 ............................................................
 ....................
 * * *
 Judgment in this case was entered on February 9, 1994. Rylance timely filed a motion for reconsideration on February 17, 1994. The district court denied the motion for reconsideration on March 29, 1994. Rylance's appeal to this court was filed on April 26, 1994.
 Rylance's appeal from the district court's denial of her motion for reconsideration was filed within 30 days. The issue, then, is whether the requirement to file within 30 days after judgment refers to the district court's original judgment on February 9, 1994, or the district court's denial of the motion for reconsideration.
 Appellees argue Rylance's appeal is untimely because Rylance's motion for reconsideration was considered by Judge Shubb to be a Rule 60(b)(1) motion. That rule states that "(a) motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation." Thus, Appellees argue that the 30-day deadline under Rule 4(a)(1) should apply to the original judgment and not the denial of the motion for reconsideration.
 However, Rule 4(a)(4) of the Federal Rules of Appellate Procedure states:
 If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding.
 Such an extension applies to motions, like that filed by Rylance, "for relief under Rule 60 if the motion is served within ten days after the entry of judgment." Fed.R.App.P. 4(a)(4)(F).
 Thus, the 30-day deadline for appeal should run from the district court's denial of Rylance's motion for reconsideration. Rylance's appeal to this court is timely.
 II.
 Rylance asserts that Appellees deprived her of constitutional rights and other rights established under federal mining law in violation of her civil rights under 42 U.S.C. § 1983. Section 1983 provides:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other property proceeding for redress.
 42 U.S.C. § 1983. Rylance must show that she was deprived of an interest or right protected by the Constitution or federal law, Cabrera v. Martin, 973 F.2d 735, 744-45 (9th Cir.1992) (citing Gomez v. Toledo, 446 U.S. 635, 640 (1980)), and that Appellees deprived that right while acting "under color of state law." Id.
 For purposes of § 1983, "under color of state law" is identical to "state action." Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Thus, state action under § 1983 arises where the "defendants took some actions that were influenced by the State's policies, funding decisions, or regulation." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1538 (9th Cir.1992). The action must be fairly attributable to the State. Rendell-Baker, 457 U.S. at 838.
 Assuming, arguendo, that Rylance meets the first prong of this test, she is unable to demonstrate that Appellees acted under color of state law. Rylance makes two arguments. First, she asserts that Appellees acted under color of state law by speaking to a Bureau of Land Management agent. Second, Rylance asserts that she gave the State an opportunity to redress the alleged violations before they occurred.
 Rylance, however, does not describe the significance of the conversation with the agent. Also, the fact that a State Water Board determined that it lacked authority to decide this issue does not give rise to a § 1983 action.
 The district court's denial of Rylance's § 1983 claim is affirmed.
 III.
 Rylance also asserts that Appellees conspired to interfere with her civil rights by obstructing justice under 42 U.S.C. § 1985(2).
 
 
 1
 Conspiracy to obstruct justice in federal courts occurs when:
 
 
 2
 [T]wo or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such a juror ...
 
 
 3
 42 U.S.C. § 1985(2). Rylance need not show that she is a member of a protected class in order to recover under subsection (2). Kush v. Rutledge, 460 U.S. 719, 726-27 (1983).
 
 
 4
 Rylance asserted at trial that one of her witnesses was threatened by Appellees in order to keep the witness from testifying. In order to support an action under 42 U.S.C. 1985(2), Rylance must demonstrate that (1) there was a conspiracy, (2) to deter a witness by force, intimidation, or threat from testifying, which (3) results in injury to the plaintiff. David v. United States, 820 F.2d 1038, 1040 (9th Cir.1987).
 
 
 5
 The district court noted that "the only contact between any of the defendants and any of plaintiff's potential witnesses was some discussion between defendant Sue Ellis and a man by the name of Bob Wano.... She testified that she told Wano that he was a 'low life' whose 'wife had to support him.' " (Ct.Rec. 61, p. 7.) The court described this conversation as "somewhat hostile" but found that the discussion did not rise to the level of threats, intimidation, or force, which would give rise to a civil rights violation. Id.
 
 
 6
 Rylance does not contest these facts, or cite to any authority that dictates a different result. Indeed, it is unclear from Rylance's Informal Reply Brief whether she is contesting this issue at all. Consequently, there is insufficient evidence to find a violation of 42 U.S.C. § 1985(2). The district court's denial of Rylance's § 1985(2) claim is affirmed.
 
 IV.
 
 7
 Rylance makes a second claim under 42 U.S.C. § 1985 by asserting that she was deprived of her rights and privileges under § 1985(3).
 
 
 8
 A conspiracy to deprive a person of her rights and privileges occurs under § 1985(3) when:
 
 
 9
 [T]wo or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws.
 
 
 10
 42 U.S.C. § 1985(3). Rylance may prevail under § 1985(3) only if (1) Rylance is a member of a protected class, and (2) the conspiracy was based on a class-based or other invidiously discriminatory motive. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Watkins v. United States Army, 875 F.2d 699, 722 (9th Cir.1989) (Norris, J. concurring), cert. denied, 498 U.S. 957 (1990). Rylance fails both prongs of this test.
 
 
 11
 Rylance makes two arguments. First, she asserts that women miners, like herself, should constitute a protected class. Rylance presents no authority to support this claim. Further, there is nothing in Rylance's complaint or the record to demonstrate that the alleged conspiracy was generated by traditional class-based or invidiously discriminatory hostilities.
 
 
 12
 Rylance's second argument is that § 1985(3) should apply to all persons, not just to those in a protected class. The Ninth Circuit disagrees. McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir.1990), cert. denied, Sub Nom. Simon Wiesenthal Ctr. for Holocaust Studies v. McCalden, 504 U.S. 957 (1992).
 
 
 13
 The district court's denial of Rylance's § 1985(3) claim is affirmed.
 
 V.
 
 14
 Finally, Rylance argues that Appellees violated her rights under federal mining law, specifically 30 U.S.C. § 51, which provides:
 
 
 15
 Whenever, by priority of possession, rights to the use of water for mining, agricultural, manufacturing, or other purposes, have vested and accrued, and the same are recognized and acknowledged by the local customs, laws, and decisions of the courts, the possessors and owners of such vested rights shall be maintained and protected in the same; and the right of way for the construction of ditches and canals for the purposes herein specified is acknowledged and confirmed; but whenever any person, in the construction of any ditch or canal, injures or damages the possession of any settler on the public domain, the party committing such injury or damage shall be liable to the party injured for such injury or damage.
 
 
 16
 30 U.S.C. § 51. Thus, Rylance must show that she has a right to use the water flowing through the ditch, and that actions by Appellees in installing pipes in the ditch injured or damaged that right.
 
 A.
 
 17
 California law recognizes water rights by ownership of riparian land, appropriation, or prescription. Cal.Water Code § 2501.
 
 
 18
 As the district court noted, because the ditch is not a natural watercourse, Rylance's riparian rights are not applicable here. In Re Water of Hallett Creek Stream Sys., 44 Cal.3d 448, cert. denied, California v. United States, 488 U.S. 824 (1988).
 
 
 19
 Also, Rylance is not an appropriator. An appropriator is one who has a permit to access water, but not under riparian right. Rylance, however, is lacking the necessary permit required by the State Water Resources Control Board. Cal.Water Code § 1225. Appellees, on the other hand, do possess permits to use the ditch.
 
 
 20
 Finally, Rylance may have prescriptive rights to the water. Prescriptive rights vest by open, continuous, hostile, and adverse use for five years. Cal.Civ.Proc.Code § 318; Cal.Civ.Code § 1007. Assuming, as did the district court, that Rylance possesses prescriptive rights to the water, Rylance must show that she has been injured or damaged by the installation of the pipes in the ditch.
 
 B.
 
 21
 Rylance argues that water from the ditch flowed to her before installation of the pipes by Appellees. Rylance alleges that after the pipes were in place, Appellees established exclusive control of the water flow. Rylance points to the cross examination of Elaine Peterson, where Ms. Peterson notes that when the water control gate upstream is closed, the water flows exclusively through the pipes. (Ct.Rec. 81, p. 23, lines 7-15.)
 
 
 22
 Appellees rely upon the district court finding that the pipes do not interfere with Rylance's water rights. The court noted that prior to the presence of the pipes, water-flow was inconsistent and was influenced by numerous factors, such as the time of year, drought conditions, and the position of the water control gate. The court further found that the absence of water flow to Rylance was most impacted by debris in the ditch. Now that the Appellees receive water via the pipes, they no longer contribute to the cleaning of the ditch, thereby contributing to the amount of debris.
 
 
 23
 The court further noted that Rylance has three options, assuming they do not violate state law, to regain the flow of water. First, Rylance can install her own pipes. Second, she can clean out the debris in the ditch. Third, she can raise the water control gate.
 
 
 24
 Rylance responds to the suggestion that she open the gate and clean out the ditch by asserting that, to do so, would leave her "liable for damages." (Appellant's Reply Brief at 6.) She does not address the possibility of installing her own pipes.
 
 
 25
 The district court's finding that Rylance has the means to regain her water flow is valid. There is evidence in the record to support this finding. This court shall not reverse a factual finding by the district court unless the finding is clearly erroneous. Gay v. Waiters' and Dairy Lunchmen's Union, 694 F.2d 531 (9th Cir.1982). The district court's finding that Rylance is able to restore the flow of her water is not clearly erroneous.
 
 
 26
 Consequently, the district court did not err in holding that Rylance did not demonstrate injury or damage to her prescriptive rights to the water.
 
 
 27
 AFFIRMED.
 
 
 
 *
 Wm. Fremming Nielsen, United States District Judge, for the Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3