Flori **REILLEY, personally and on behalf of the Estate of Thomas Reilley, deceased, Plaintiff—Appellant,**

v.

**UNITED STATES of America; United States Postal Service; William J. Henderson, Postmaster General, Defendants—Appellees.**

No. 00–57207.

D.C. No. CV–00–05987–R.

United States Court of Appeals, Ninth Circuit.

* This panel unanimously finds this case suitable for decision without oral argument as to defendants only. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

Submitted Feb. 7, 2002.*

Decided Feb. 13, 2002.

Before PREGERSON, RYMER, and T.G. NELSON, Circuit Judges.

## ORDER

Appellant Flori Reilley's request for judicial notice, filed January 28, 2002, is denied as moot in light of the disposition of this appeal. Because Reilley's action under the Federal Tort Claims Act was dismissed without prejudice, Reilley is free to pursue whatever remedies may be available to her if she chooses to refile her suit. This court expresses no opinion with respect to any such action.

## MEMORANDUM**

Flori Reilley (Reilley) asserted jurisdiction in the district court pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b). The district judge dismissed her complaint without prejudice and she filed a timely notice of appeal. This court has appellate jurisdiction under 28 U.S.C. § 1291.

Reilley concedes that her complaint was properly dismissed as against the Postal Service and the Postmaster General. However, she argues that the district court should have stayed her FTCA action against the United States—rather than dismissing it—pending a determination by the Secretary of Labor (or his designee) whether compensation would be available under the Federal Employees' Compensation Act (FECA), 5 U.S.C. §§ 8101, et seq.[1]

This court reviews the dismissal of a complaint de novo, but the denial of a motion for a stay is reviewed for an abuse of discretion. *Cohen v. Stratosphere Corp.*, 115 F.3d 695, 700 (9th Cir.1997); *MacKillop v. Lowe's Mkt., Inc.*, 58 F.3d 1441, 1446 (9th Cir.1995).

Reilley concedes that her claims against the United States are at least arguably within the scope of FECA. Her failure to obtain a ruling from the Secretary that her claims are not within the scope of FECA prior to filing suit under the FTCA constitutes grounds for dismissal. *See Figueroa v. United States*, 7 F.3d 1405, 1408 (9th Cir.1993); *David v. United States*, 820 F.2d 1038, 1044 (9th Cir.1987). Nothing in the record suggests that the district court abused its discretion in dismissing Reilley's action rather than staying the proceedings.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The court grants Reilley's request for judicial notice filed May 18, 2001.