**Edward Michael POWERS; Roy Alvarado; David Lewis, Plaintiffs—Appellants,**

v.

**James M. FALLMAN; Steve Cambra, Jr.; Daniel Smith; Craig Franklin; Teda Boyll; William Cornell; Chet Miller; Mark Rousoppolous; James McKinney; George Ortiz; Richard Barton; Joseph Reynoso; Phil Broccolari; Del Norte County, Defendants—Appellees.**

No. 00–16646.

D.C. No. CV–98–01732–MMC.

United States Court of Appeals, Ninth Circuit.

Submitted March 14, 2002.*

Decided March 20, 2002.

Before GOODWIN, REINHARDT, and FERNANDEZ, Circuit Judges.

## MEMORANDUM **

The plaintiffs brought a series of RICO claims against the defendants, all of which focus on the alleged misconduct by the defendants and the defendants' alleged retaliation against the plaintiffs for the plaintiffs' exercise of their First Amendment rights in speaking out against the defendants' alleged wrongful acts. All were dismissed by the district court.

■ A plaintiff has standing to assert a claim under § 1964 only if he has been injured in his business or property by the conduct constituting the RICO violation. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

U.S. 479, 495–96, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). Under Ninth Circuit law, "[a] showing of 'injury' requires proof of concrete financial loss." *Imagineering, Inc. v. Kiewit Pacific Co.,* 976 F.2d 1303, 1310 (9th Cir.1992). Neither intangible injuries to property nor personal injuries are compensable under RICO. *Oscar v. Univ. Students Co-operative Assoc.,* 965 F.2d 783, 785 (9th Cir.1992) (en banc); *Berg v. First State Ins. Co.,* 915 F.2d 460, 464 (9th Cir.1990). Injuries to political rights alone are a fortiori insufficient.[1]

■ The plaintiffs allege in part a loss of salary and rental and business incomes. However, in a RICO case, the defendants' wrongful conduct must be the but-for and proximate cause of the financial injury. *Holmes v. Securities Investor Protection Corp.,* 503 U.S. 258, 268, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992); *Imagineering, Inc.,* 976 F.2d at 1311. There must be a direct relationship "between the injury asserted and the injurious conduct alleged." *Holmes,* 503 U.S. at 268, 112 S.Ct. 1311; *Imagineering, Inc.,* 976 F.2d at 1311. Here, the plaintiffs' alleged financial injuries are not sufficiently direct. The record is uncontroverted that the alleged loss of rental income and income from a spouse's business were due to the actions of third parties, and do not have a sufficiently direct relationship to the defendants' alleged misconduct. *See Holmes,* 503 U.S. at 268–69, 112 S.Ct. 1311; *Pillsbury, Madison & Sutro v. Lerner,* 31 F.3d 924, 929 (9th Cir.1994). Similarly, the plaintiff who was terminated was discharged for unrelated reasons and his loss of salary was, therefore, not proximately caused by any alleged predicate act of the defendants'

RICO enterprise. *See Sedima,* 473 U.S. at 497, 105 S.Ct. 3275.

In short, the plaintiffs fail to state a cognizable injury under § 1964, and we affirm the district court's dismissal of the RICO claims.[2]

■ Alvarado appeals the district court's dismissal of his claim under 42 U.S.C. § 1985(2). Under Ninth Circuit law, a witness who is not a party to the litigation cannot show an injury cognizable under § 1985(2). *Blankenship v. Mc-Donald,* 176 F.3d 1192, 1196 (9th Cir.1999); *David v. United States,* 820 F.2d 1038, 1040 (9th Cir.1987). Because Alvarado himself was a witness and not a party to the precedent litigation, and because he has failed to allege that *his* ability to bring a federal action has been hampered, he has failed to state a claim under § 1985(2). *See Rutledge v. Ariz. Bd. of Regents,* 859 F.2d 732, 735 (9th Cir.1988); *David,* 820 F.2d at 1040.

■ Alvarado also appeals the district court's grant of summary judgment in favor of defendant Cambra on his § 1983 claim. *See* 42 U.S.C. § 1983. Alvarado asserts that Cambra retaliated against him in response to his testimony in several federal and state cases, and that Cambra's actions violated his First Amendment rights. He fails, however, to allege "the loss of a valuable governmental benefit or privilege" in retaliation for his protected speech, as required by *Hyland v. Wonder,* 972 F.2d 1129, 1136 (9th Cir.1992). Neither the letter of instruction nor the administrative time off caused Alvarado any loss of salary, employment privilege, or other benefit. Thus, his claim must fail.

---

1. Similarly, the alleged loss of effectiveness in their occupation as correctional guards is not a sufficiently concrete financial injury.

2. Because we affirm the district court's ruling on this ground, we do not address any other potential deficiencies in the plaintiffs' RICO claims.

The plaintiffs have had several opportunities to amend their complaint, but remain unable to allege a cognizable injury under RICO, and §§ 1985 and 1983. Thus, we affirm the district court's judgment of dismissal.

AFFIRMED.

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.