**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL–CIO, Local 1592, Petitioner,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent.**

No. 01–9517.

United States Court of Appeals, Tenth Circuit.

May 1, 2002.

---

Daniel Minahan, Minahan & Shapiro, P.C., Lakewood, CO, for Petitioner.

David M. Smith, Solicitor, William R. Tobey, Deputy Solicitor, James F. Blandford, Attorney, Federal Labor Relations Authority, Washington, D.C., for Respondent.

Before SEYMOUR, McKAY, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge.

Appellant American Federation of Government Employees (the Federation) contests the decision of the Federal Labor Relations Authority (FLRA) to dismiss its negotiability appeal for failure to serve the "head of agency" as required by statute. *See* 5 U.S.C. § 7117(c)(2)(B). We have jurisdiction under 5 U.S.C. § 7123(a) and affirm.[1]

---

1. After examining the briefs and appellate record, this panel has determined unanimous-

ly to grant the parties' request for a decision

## I.  Background

FLRA is charged with making negotiability determinations, that is, deciding whether a federal agency is obligated to bargain with a union over a particular proposal.  Here, the Federation sought a determination of whether the Hill Air Force Base (the Base) in Utah was required to negotiate with the Federation.  The Base contended that negotiations were not required, and the Federation petitioned FLRA for review.

Under 5 U.S.C. § 7117(c)(2)(B), a union filing a negotiability appeal with FLRA must furnish a copy of the petition for review to the "head of the agency."  The Federation served the Secretary of the Air Force.  On April 12, 2001, FLRA issued an order to show cause explaining that the Secretary of Defense was considered the head of the agency for purposes of service in a negotiability appeal, and requiring the Federation to effect service on the Secretary of Defense by April 26, 2001.  FLRA warned that continued [2] failure to comply with this requirement would result in dismissal of the petition for review.  In its order to show cause, FLRA explained its interpretation of the regulations supporting the conclusion that the Secretary of Defense was properly considered the head of the agency.  The Federation declined to comply with the order to show cause, and on May 8, 2001, FLRA dismissed the petition for review.

## II.  Analysis

FLRA "is entitled to considerable deference" when interpreting and applying the provisions of its enabling statute.  *See Am. Fed'n of Gov't Employees, Local 1592 v. FLRA,* 744 F.2d 73, 75 (10th Cir.1984).  Actions by FLRA may be set aside only if they are "arbitrary, capricious, or an abuse of discretion or otherwise not in accordance with law."  *United States Dep't of Energy v. FLRA,* 880 F.2d 1163, 1165 (10th Cir.1989).

The Federation first argues that FLRA erred in its construction of "head of agency," noting that other federal agencies consider the Secretary of the Air Force to be the "head of the agency."  FLRA correctly asserts that the statutory language itself must serve as the principal guide in determining statutory meaning.  *See United States ex rel. Precision Co. v. Koch Indus., Inc.,* 971 F.2d 548, 552 (10th Cir. 1992) (language of statute ordinarily conclusive).  FLRA further asserts that its interpretation is clear from the relevant provisions.  Service must be made on the "head of the agency."  5 U.S.C. § 7117(c)(2)(B).  "The agency" is defined as the executive agency.  5 U.S.C. § 7103(a)(3).  An "executive agency" is defined as an executive department.  5 U.S.C. § 105.  The Department of Defense is defined as an executive department, 5 U.S.C. § 101, while the Department of the Air Force is a military department, 5 U.S.C. § 102.

While the statutory hopscotch required to reach this conclusion is not elegant, FLRA's interpretation is not only reasonable, but directly supported by the applicable statutory language.

The Federation contends that FLRA's actions were nonetheless arbitrary and capricious, for two reasons.  First, FLRA itself had served the Department of Defense with all relevant papers, and thus the agency had actual notice.  The Federation next asserts that FLRA

---

on the briefs without oral argument.  *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

**2.**  The negotiability appeal had been previously dismissed and reinstated; the March 8, 2001 notice of reinstatement directed the Federation to serve the Secretary of Defense.

has previously accepted this rationale to excuse failure to comply with the service requirement, pointing to *National Federation of Federal Employees, Local 341 v. Department of Interior*, 40 FLRA 1009 (1991). *Local 341*, however, presented a different question than that posed in the instant case.

In *Local 341*, the agency failed to file a statement of position in response to the union's negotiability appeal. FLRA entered a decision in favor of the union, and the agency sought reconsideration, claiming that it had failed to file its response because the agency head never received a copy of the union's petition for review. The union, however, had a valid statement of service indicating that all proper parties had been served. Further, it was undisputed that the agency's principal bargaining representative had received his copy, and that FLRA had also served notice on the agency head. In light of these circumstances, FLRA concluded that, even if the copy of the petition designated for the agency head had been lost in the mail, the agency nevertheless had actual notice of the appeal and could not claim lack of notice as the reason it had failed to respond.

In *Local 341*, the union's compliance with service requirements was not at issue because the union had evidence of its compliance. Rather, the issue in that case was whether the agency could claim prejudice due to lack of notice from the union when it had actual notice of the appeal from another source (FLRA). Thus, contrary to the Federation's assertion, *Local 341* cannot be read to support the proposition that, if an agency head receives notice of a negotiability appeal from FLRA, this relieves a union of its duty to fulfill the service requirements.

 The Federation's second alternative basis for claiming that FLRA's actions were arbitrary and capricious is that the statutory language does not place union representatives, who most often are not lawyers,[3] on notice that only executive departments such as the Department of Defense will be considered executive agencies for purposes of the statute's service requirements. This argument fails, however, in light of the undisputed fact that the Federation had adequate notice of FLRA's interpretation of the service requirements, and FLRA's uncontested assertion that it provides notice and an opportunity to cure any defect to all union representatives as its regular practice.

### III. Conclusion

FLRA correctly interprets the applicable statutes to conclude that the Secretary of Defense is the "head of agency" for purposes of the service requirements of 5 U.S.C. § 7117(c)(2)(B). The Federation's argument that FLRA's actions were nonetheless arbitrary and capricious fails because the Federation received adequate notice of the service requirements in the form of the order to show cause. Accordingly, the petition for review is DENIED.

---

**3.** We note that in the instant case, both the March 8, 2001 notice of reinstatement and the April 12, 2001 order to show cause were served on appellant's attorneys in this matter.