**F I L E D**

**PUBLISH**

**July 11, 2006**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-
CIO, LOCAL 2263,

        Petitioner,

v.

FEDERAL LABOR RELATIONS
AUTHORITY,

        Respondent.

No. 05-9543

---

**Petition for Review of an Order from the**
**Federal Labor Relations Authority**
**(FLRA No. DA-CA-01-0876)**

---

Kevin M. Grile, American Federation of Government Employees, AFL-CIO,
Chicago, Illinois (Mark D. Roth, Charles A. Hobbie, American Federation of
Government Employees, AFL-CIO, Washington, D.C., with him on the briefs),
for Petitioner.

William E. Persina, Attorney (David M. Smith, Solicitor, William R. Tobey,
Deputy Solicitor, with him on the brief), Federal Labor Relations Authority,
Washington, D.C., for Respondent.

---

Before **KELLY**, **BALDOCK**, and **MURPHY**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

## I. Introduction

The American Federation of Government Employees, AFL-CIO, Local 2263 ("Union") alleged employer Kirtland Airforce Base ("Kirtland") committed unfair labor practices in violation of 8 U.S.C. § 7116(a)(1), (5), and (8) by failing to release certain information to the Union pursuant to 5 U.S.C. § 7114(b)(4). The Federal Labor Relations Authority ("FLRA" or "Authority") issued a decision and order dismissing the Union's consolidated complaint. The Union petitions for review. This court exercises jurisdiction pursuant to 5 U.S.C. § 7123(a) and denies the Union's petition. Although the interpretation of 5 U.S.C. § 7114(b) announced in the Authority's decision is incorrect, we conclude the remainder of the decision, standing alone, is sufficient to support dismissal of the Union's complaint. Accordingly, we **enforce** the Authority's order.

## II. Background

*A. Legal Context*

"The Federal Service Labor-Management Relations Statute, 5 U.S.C. §§ 7101–7135 (2000), governs relations between federal agency employers and federal employees." *Nat'l Treasury Employees Union v. FLRA*, 437 F.3d 1248, 1249 (D.C. Cir. 2006). When certain conditions are met, the statute requires an agency employer to give a union information "which is reasonably available and

necessary for full and proper discussion, understanding, and negotiation of subjects within the scope of collective bargaining." 5 U.S.C. § 7114(b)(4)(B).

To demonstrate the information requested is necessary, a union "must establish a particularized need for the information by articulating, with specificity, why it needs the requested information, including the uses to which the union will put the information and the connection between those uses and the union's representational responsibilities." *IRS, Wash., D.C., & IRS, Kansas City Serv. Ctr., Kansas City. Mo.*, 50 F.L.R.A. 661, 669 (1995). To establish particularized need, a union must make "more than a conclusory or bare assertion." *Id.* at 670. Instead, "a request for information must be sufficient to permit an agency to make a reasoned judgment as to whether information must be disclosed." *Id.*

*B. Factual Background*

The facts underlying this appeal are not contested. The American Federation of Government Employees, AFL-CIO is the recognized bargaining representative for a unit of employees of the Air Force Materiel Command. The Union is an agent of the American Federation of Government Employees and represents employees at Kirtland. The parties' actions are governed by the Federal Service Labor-Management Relations Act. *See* 5 U.S.C. § 7114.

Beginning in July 2001, the Union submitted to Kirtland a series of letters asking for information concerning certain merit promotion actions. The Union's

letters, all substantially identical, requested information concerning a total of fifteen promotion actions undertaken by Kirtland. In time, the Union made clear it sought information about some of the merit promotion actions pursuant to 5 U.S.C. § 7114(b)(4). Each of the letters contained requests for fifteen specific categories of information regarding the job opening, applicant pool, selection process, and selectee for the fifteen promotion actions.[1] Each letter stated the Union sought the information to "perform Post-Promotion Audit[s]," "ensur[e] compliance with Merit System Principles," and "monitor contract compliance."

When Kirtland repeatedly asked the Union to clarify and elaborate on its need for the information, the Union responded only that it required the data to address employee concerns and to represent employees in possible future legal action. After a further exchange of correspondence, Kirtland determined the Union's requests and explanations failed to meet the "particularized need" standard articulated by the FLRA. Kirtland therefore elected not to release the requested information to the Union.

*C. Procedural Background*

In response to Kirtland's refusal to release the requested information, the Union filed a series of unfair labor practice complaints which were consolidated for hearing before an administrative law judge ("ALJ"). The complaints alleged

---

[1]One letter requested only fourteen categories of information.

Kirtland violated 5 U.S.C. § 7114(a)(1), (5) and (8) by failing to provide the requested information regarding Kirtland's merit promotion practices. The ALJ was critical of the brevity and generality of the Union's explanation of its need for the requested information. Nonetheless, he characterized the Union's need for six of the requested categories of information as "apparent," "self-evident," or "evident." He therefore determined Kirtland had a duty to furnish this information to the Union. The ALJ recommended the FLRA issue an order requiring Kirtland to furnish to the Union the six categories of requested information.

Kirtland filed exceptions to the ALJ's decision with the FLRA. The Authority issued a decision and order reversing the ALJ's decision. It concluded the Union's information requests did not allow Kirtland "to make a reasoned judgment as to whether the disclosure of all the requested information was required" by the Federal Service Labor-Management Relations Act. The Authority therefore dismissed the Union's complaint. The Union petitions for review of the Authority's ruling.

**III. Analysis**

The "FLRA is entitled to considerable deference when interpreting and applying the provisions of its enabling statute. Actions by [the] FLRA may be set aside only if they are arbitrary, capricious, or an abuse of discretion or otherwise not in accordance with law." *Am. Fed'n of Gov't Employees v. FLRA*, 288 F.3d 1238, 1240 (10th Cir. 2002) (quotations and citation omitted). This court will not,

however, defer to the Authority's interpretation of the Federal Service Labor-Management Relations Statute if, upon examination of the statutory language at issue, it is clear the Authority's interpretation is incorrect. *See Fort Stewart Sch. v. FLRA*, 495 U.S. 641, 645 (1990).

The Authority gave two reasons in support of its dismissal of the Union's complaint. First, the Authority stated, "where a union fails to establish its need for all the information requested, a respondent is not required to provide the requested information, even if the union has established a need for '*some*' of the information." *United States Dep't of the Air Force Air Force Materiel Command Kirtland Air Force Base Albuquerque, N.M.*, 60 F.L.R.A. No. 152, 2005 WL 845150, at \*7 (March 31, 2005). Second, the Authority noted the Union failed to articulate a particularized need for the categories of information it requested, even when Kirtland made reasonable requests for clarification. *Id*. at \*6. Despite the Union's failure to articulate a particularized need, the ALJ determined Kirtland was required to provide the Union with items for which the Union's need was "apparent" from its initial requests. The Authority, however, disagreed. It ruled the Union did not meet its burden to demonstrate a particularized need when the Union's initial calls for information triggered genuine and reasonable requests for clarification by Kirtland, and when the Union failed to provide a meaningful response to those requests for clarification. *Id*. at \*7.

As an initial matter, this court must determine whether the Authority's interpretation of § 7114(b) is correct in light of the statutory language at issue. *See Fort Stewart Sch.*, 495 U.S. at 645. Section 7114(a) requires government agencies to negotiate in good faith with union representatives. 5 U.S.C. § 7114(a)(4). Subsection (b) provides, "[t]he duty of an agency . . . to negotiate in good faith under subsection (a) . . . shall include the obligation" to give the union, "upon request and, to the extent not prohibited by law, data . . . which is reasonably available and necessary for full and proper discussion, understanding, and negotiation of subjects within the scope of collective bargaining." *Id*. § 7114(b).

Under the plain language of the statute, if a union has established information is "necessary," and if the other disclosure requirements are met, a government agency is obligated to provide that information to the union. The statute contains no exceptions. The FLRA's construction of § 7114(b), however, would allow government agencies to deny entirely a union's multipart request for information whenever the union fails to establish a particularized need for *all* parts of that request. Under this interpretation of the statute, if a union's request sought a variety of categories of information and the union established a particularized need for all but one of those categories, an employer could deny the entire request based on that one shortfall. This approach is impermissible because it creates an

-7-

exception to a government agency's duty to furnish information to a union that is contrary to the text of the statute itself.

In an attempt to buttress its interpretation of § 7114(b), the FLRA cites *United States Department of Labor, Washington, D.C.*, 51 F.L.R.A. 462, 476 (1995). The FLRA's reliance on that case, however, is misplaced. In *Department of Labor*, a union sought five years' worth of name-identified disciplinary suspension records. *Id*. at 464. The FLRA determined the union did not establish why the union needed records for the entire five-year period or why the records needed to be name-identified. *Id*. at 476–77. The Authority therefore concluded the union failed to show the information was necessary under § 7114(b)(4). *Id*. at 477. *Department of Labor* makes clear a union must articulate and establish with specificity why it needs requested information, the uses to which it will put that information, and the connection between those uses and the union's representational responsibilities. *Id*. It does not, however, support the proposition that an agency may withhold *all* categories of requested information when a union fails to establish a particularized need for some, but not all, of those categories.

The Authority is incorrect in stating that "where a union fails to establish its need for all the information requested, a respondent is not required to provide the requested information, even if the union has established a need for '*some*' of the information." *Air Force Materiel Command*, 2005 WL at * 7. The FLRA's interpretation of § 7114(b) contradicts the plain language of the Federal Service

-8-

Labor-Management Relations Act and is not supported by FLRA precedent. Because the FLRA's interpretation of §7114(b) is incorrect, it is not a valid basis for the Authority's decision.

Because the FLRA's first reason for dismissing the Union's complaint is not valid, this court must determine whether its second reason, standing alone, is sufficient to support its decision. *See BDPCS, Inc. v. FCC*, 351 F.3d 1177, 1183 (D.C. Cir. 2003) (noting that an appellate court may affirm an agency decision based on multiple grounds so long as any one of the grounds is valid). As noted above, in addition to its first reason for dismissing the Union's complaint, the Authority stated the Union failed to meet its burden under the particularized need standard when Kirtland made genuine and reasonable requests for clarification and when the Union failed to provide a substantive response to those requests. Because this explanation is grounded in precedent and supported by the record, we conclude it is sufficient, on its own, to support dismissal of the Union's complaint.

In *United States Department of the Treasury Internal Revenue Service Washington, D.C.*, a union requested certain employment records from a respondent. 51 F.L.R.A. 1391, 1392 (1996). When the respondent questioned the need for the records and asked for additional information, the union responded only that the records were "'necessary in order to support [its] allegations.'" *Id*. at 1396. The FLRA characterized the union's response as "conclusory." *Id*. The Authority determined when a respondent makes a reasonable request for additional

information from a union, it is incumbent upon the union to provide further substantive explanation in order to establish a particularized need. *Id.*; *see also Health Care Fin. Admin.*, 56 F.L.R.A. 503, 507 n.3 (2000) (noting if a respondent seeks clarification as to the reasons a union requires certain information, the union is required to provide clarification or it "run[s] the risk of failing to meet its burden of establishing a particularized need for the information requested."). Although the union claimed its need for the records should have been "reasonably obvious," the FLRA rejected this assertion. *Dep't of the Treasury*, 51 F.L.R.A. at 1396. The Authority noted that accepting the union's argument would have required it "to conclude that the [respondent's] request for clarification was either disingenuous or unreasonable." *Id.* Because such a conclusion was "not supported by the record," the Authority determined the union's need for the information was not obvious. *Id.*

In the instant case, Kirtland asked the Union to explain its need for all fifteen categories of information it sought. In a determination not contested on appeal, the Authority concluded Kirtland's calls for clarification were not unreasonable or disingenuous. *Air Force Materiel Command*, 2005 WL 845150, at *7. Although it did not articulate its logic with perfect clarity, this court can fairly discern the Authority's reasoning. *See Lamb v. Thompson*, 265 F.3d 1038, 1046 (10th Cir. 2001) (noting this court "will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned" (quotation omitted)). Relying

-10-

on *Department of the Treasury*, the FLRA reasoned if it concluded the Union's initial requests for the fifteen categories of information satisfied the particularized need standard, it would at the same time be forced to conclude Kirtland's requests for clarification were either disingenuous or unreasonable. The record, however, demonstrated Kirtland's requests for clarification were sincere and reasonable. The Authority therefore determined the Union's initial information requests did not satisfy its burden of demonstrating a particularized need. Moreover, because the Union did not provide a meaningful response to Kirtland's requests for clarification, the Union never established a particularized need for the information requested.

In sum, the Authority's second reason for dismissing the Union's complaint is supported both by FLRA precedent and the record. Because this second reason is independent of the Authority's incorrect interpretation of § 7114(b), it is a sufficient basis for the Authority's decision. *See BDPCS, Inc.*, 351 F.3d at 1183. We therefore conclude the FLRA did not abuse its discretion in dismissing the Union's complaint.

**IV. Conclusion**

Although the Authority's interpretation of §7114(b) is erroneous, the remainder of its decision provides a valid reason for dismissing the Union's complaint. We therefore **deny** the Union's petition and **enforce** the Authority's decision.